No. 01-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 28

STATE OF MONTANA,

       Plaintiff and Respondent,

    v.

RONALD J. ROOT,

       Defendant and Appellant.

FILED

FEB 2 0 2003

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DV-00-933
Honorable Douglas G. Harkin, Judge Presiding

COUNSEL OF RECORD:

    For Appellant:

        William F. Hooks, Attorney at Law, Helena, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, County Attorney, Missoula, Montana

Submitted on Briefs:   January 10, 2002

Decided:   February 20, 2003

Filed:

_____
          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Ronald J. Root (Root) appeals from the order entered by the Fourth Judicial District Court, Missoula County, dismissing his petition for postconviction relief. We affirm.

¶2 Although Root raises several issues on appeal, we find the following issue to be dispositive: Did the District Court err in dismissing the petition on the ground that it was time barred?

## BACKGROUND

¶3 The facts relating to the timeliness of Root's second petition are undisputed. On March 12, 1997, Root was found guilty of the charge of sexual intercourse without consent, a felony, following a jury trial. He appealed, and this Court affirmed his conviction in an opinion issued on August 30, 1999. *See State v. Root*, 1999 MT 203, 296 Mont. 1, 987 P.2d 1140.

¶4 On January 18, 2000, Root, then proceeding *pro se*, filed a petition for postconviction relief, asserting several ineffective assistance of counsel claims. Finding that the petition conclusively demonstrated that Root was not entitled to relief, the District Court dismissed the petition on March 3, 2000, without ordering a response from the State. Root appealed that dismissal to this Court.

¶5 On May 23, 2000, we issued an interlocutory order appointing counsel on appeal for Root, noting that Root was incarcerated in a correctional facility that did not have an adequate legal library. On June 21, 2000, Root, through his appointed counsel, moved to voluntarily dismiss his appeal, which was granted by this Court.

¶6 Root, by his appointed counsel, then filed a second petition for postconviction relief in the District Court on December 4, 2000, again claiming that he had received ineffective assistance of counsel during his trial. After ordering the State to respond, the District Court dismissed Root's second petition, concluding, on the basis of §§ 46-21-102 and -105, MCA, that the petition was time barred, was barred under provisions governing second or subsequent petitions, and was procedurally barred because Root could have raised his claims in earlier proceedings. Because we find the timeliness issue to be dispositive, we do not address the other grounds upon which the District Court dismissed Root's petition.

## STANDARD OF REVIEW

¶7 This Court reviews a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Wright*, 2001 MT 282, 307 Mont. 349, 42 P.3d 753. Here, the District Court's findings of fact are not challenged, and our review is confined to the correctness of the District Court's conclusions of law.

## DISCUSSION

¶8 Section 46-21-102, MCA, states as follows:

(1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
(a) the time for appeal to the Montana supreme court expires;
(b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
(c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

3

(2) A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶9 The District Court noted that pursuant to United States Supreme Court Rules, Root had 90 days from the entry of our decision in his appeal, or until November 30, 1999, to petition for writ of certiorari in the United States Supreme Court. *See* Rule 11, Rules of the Supreme Court of the United States; *State v. Abe*, 2001 MT 260, ¶ 7, 307 Mont. 233, ¶ 7, 37 P.3d 77, ¶ 7. Then, in accordance with § 46-21-102(1)(b), MCA, which deems convictions to be final when the time expires for petitioning the United States Supreme Court, and pursuant to the one-year limitation period provided in § 46-21-102(1), MCA, the District Court found that Root had until November 30, 2000, to file his petition for postconviction relief. The District Court concluded therefrom that Root's first petition, filed on January 18, 2000, was timely, but that his second petition, filed December 4, 2000, was untimely, and therefore barred under the statute.[1]

¶10 In Root's view, the District Court erred in applying the one-year limitation period to his second postconviction petition because the one-year period applies only to an initial or original petition. His brief states:

---

[1] The District Court erred slightly in its calculation of the 90-day period. Ninety days from August 30, 1999, is not November 30, 1999, but rather November 28, 1999. The one-year period for filing a petition for postconviction relief thus ran until November 28, 2000. However, this error affects neither the District Court's decision nor the outcome on appeal.

4

The one-year limitations period does not apply to amended petitions or second or successive petitions for relief. These petitions are not mentioned in §46-21-102, MCA, and are addressed in §46-21-105, MCA. This latter statute contains express provisions for the setting of a deadline for filing an amended petition. In short, nothing in the provisions of these statutes suggests, let alone requires, that the one-year limitations period applies to anything other than the initial petition for relief. This does not mean that a petitioner can file petitions *ad nauseam*. A second or successive petition is subject to the waiver and "good cause" exception doctrines addressed in §46-21-105, MCA.

¶11 The provision relied upon by Root, § 46-21-105(1), MCA, provides:

(1)(a) All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended original petition. The original petition may be amended only once. At the request of the state or on its own motion, the court shall set a deadline for the filing of an amended original petition. If a hearing will be held, the deadline must be reasonably in advance of the hearing but may not be less than 30 days prior to the date of the hearing.
(b) The court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition.

¶12 In his argument quoted above, Root incorrectly lumps amended petitions together with second or subsequent petitions. "Amended" petitions and "subsequent" petitions are different in nature and are governed by different statutory provisions. Amended petitions are governed by § 46-21-105(1)(a), MCA, which contemplates that a petition may be amended during the course of an ongoing proceeding that was timely initiated. The provision allows a district court to set a deadline for filing an amended petition. These petitions are referenced in § 46-21-105(1)(b), MCA, as "amended original" petitions.

¶13 However, Root did not file an amended original petition, and thus, the timeliness of an amended petition is not before the Court here. We therefore do not address whether the

5

one-year limitation period in § 46-21-102(1), MCA, would apply to an amended petition filed during the course of a postconviction proceeding.

¶14 Root filed a second petition for postconviction relief, which is governed by § 46-21-105(1)(b), MCA. The provision mandates that a district court "shall dismiss" a second or subsequent petition "unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition." Root offers the Commission Comments to § 46-21-105, MCA, in explanation of this provision's application:

> The object of this section is to eliminate the unnecessary burden placed upon the courts by repetitious or specious petitions. It is highly desirable that a petitioner be required to assert all his claims in one petition. Unless good cause is shown why he did not assert all his claims in the original petition, his failure to so assert them constitutes a waiver. The way is left open, however, for a subsequent petition if the court finds grounds for relief that could not reasonably have been raised in the original petition.

¶15 Root argues that the plain meaning of §§ 46-21-102(1) and -105(2), MCA, restricts application of the one-year limitation period to initial or original petitions. He reasons that second or subsequent petitions are limited only by the need to demonstrate that the claims therein "could not reasonably have been raised in the original petition," under the standards as discussed in the Commission Comments.

¶16 We disagree. A reading of the statutes governing postconviction proceedings in their entirety convinces us that § 46-21-102(1), MCA, applies a one-year period of limitation on the initiation of all postconviction proceedings, including those initiated by second or subsequent petitions. Section 46-21-101, MCA, sets forth the relief available in

6

postconviction proceedings, which necessarily includes second or subsequent proceedings. Section 46-21-102, MCA, states that "a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year" of the conviction becoming final. Section 46-21-103, MCA, provides that "[t]he proceeding for relief under 46-21-101 must be commenced by filing a verified petition with the clerk of the appropriate court." Section 46-21-104, MCA, requires that "[t]he petition for postconviction relief must: . . . (b) identify any previous proceedings that the petitioner may have taken to secure relief from the conviction." Thus, a proceeding seeking relief available under § 46-21-101, MCA, must meet all the requirements set forth in these provisions, including, for purposes here, the filing, in the appropriate court, of a verified petition which identifies all previous postconviction proceedings, within one year of the conviction becoming final. The statutes do not exempt second or subsequent petitions from any of these requirements. Rather, § 46-21-105, MCA, imposes an additional requirement: that a second or subsequent petition, in order to avoid dismissal, must also demonstrate good cause why its claims were not asserted in the original petition.

¶17 Root's proffered interpretation would lead to absurd results. If the one-year limitation provision did not apply to subsequent petitions, an original petition filed after expiration of the one-year limitation period would be time barred, but would nonetheless open the door to the filing of a second petition which would be limited only by the need to demonstrate why the claims therein were not raised in the original, time-barred petition. This result, though

7

possible under Root's interpretation, is clearly not contemplated by the plain wording of the statutes.

¶18    The postconviction statutes do provide a narrow exception to the one-year limitation period.  Section 46-21-102(2), MCA, allows a petition which alleges newly discovered evidence to be filed one year after the evidence was discovered, or "reasonably should have [been] discovered."  This indicates that the Legislature contemplated the filing of petitions beyond the one-year period following conviction and provided a narrow exception therefor.  Here, Root has not alleged that the time for filing is extended either by this statutory "newly discovered evidence" provision, nor the "miscarriage of justice" exception premised upon conviction of one who is actually innocent.  *See State v. Redcrow*, 1999 MT 95, ¶ 33, 294 Mont. 252, ¶ 33, 980 P.2d 622, ¶ 33.  Thus, the statutory provisions as interpreted herein are controlling.

¶19    The District Court's dismissal of the petition is affirmed.

_____
                                        Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8