No. 03-423

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 365N

LARRY ALLEN KELLMER,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. CR 91-113
The Honorable Jeffrey H. Langton presiding.

COUNSEL OF RECORD:

        For Appellant:

        Larry Allen Kellmer, *pro se*, Deer Lodge, Montana

        For Respondent:

        Hon. Mike McGrath, Montana Attorney General, Ilka Becker, Assistant
Attorney General, Diana Leibinger Koch, Department of Corrections,
Helena, Montana; George H. Corn, Ravalli County Attorney, Hamilton,
Montana

Submitted on Briefs:  December 4, 2003

Decided:  December 18, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Larry Allen Kellmer appeals the District Court's denial of his Petition for Post-Conviction Relief. We affirm.

¶3 On July 8, 1992, Kellmer pled guilty to two counts of Sexual Intercourse Without Consent, in violation of § 45-5-503, MCA. He appeared in the District Court on February 16, 1993, and was sentenced to the state prison for ten years on each count, to run concurrently, with five years suspended, pursuant to a plea bargain. The conditions of his sentence included repayment of the cost of the public defender, completion of Phase I and Phase II of the Montana State Prison's sexual offender treatment program before he would become eligible for parole, and, upon probation or parole, no unsupervised contact with children under age 16.

¶4 On September 8, 1995, Kellmer discharged his prison time and was released to his five-year suspended sentence without having completed the sexual offender treatment program. One of the conditions of his probation was the requirement that Kellmer obtain counseling as directed by his probation officer. On July 27, 2000, his probation officer submitted a Report of Violation in which he alleged that Kellmer had not made satisfactory progress in counseling and that he had repaid only $60 of the cost of the public defender.

2

¶5     Kellmer was scheduled to be discharged from probation on September 8, 2000. On September 7, 2000, the County Attorney filed a Petition for Revocation of Suspended Sentence. After a hearing, the District Court found that Kellmer had violated the terms of his probation and ordered that he be sentenced to two concurrent five-year terms in the Montana State Prison, all suspended under the same terms and conditions as the original Judgment, with the additional condition that Kellmer successfully complete an outpatient sexual offender treatment program. The District Court relieved Kellmer of his obligation to repay the cost of his public defender ("First Revocation").

¶6     On December 6, 2001, the County Attorney again petitioned the District Court to revoke Kellmer's suspended sentence upon allegations that Kellmer had not completed the sexual offender treatment program, that he had relocated without permission, and that he had unsupervised contact with a child under age 16. Following a hearing on January 9, 2002, the District Court revoked Kellmer's suspended sentence and committed him to the Department of Corrections for five years with credit for time served ("Second Revocation").

¶7     Kellmer did not appeal the revocation, but rather, acting *pro se*, filed a "Petition for Writ of Habeas Corpus" with this Court on February 12, 2003. In his Petition, Kellmer did not challenge the merits of the Second Revocation, but maintained that the First Revocation was illegal. He argued that he would not have been on probation at the time of the Second Revocation if it were not for the illegal First Revocation.

¶8     In considering Kellmer's Petition for a Writ of Habeas Corpus, we concluded that his claims were not properly raised by such a petition. This Court deemed the petition to be one

3

for postconviction relief pursuant to § 46-21-101, MCA, et. seq., and remanded it to the District Court.

¶9 Upon remand, the District Court found that Kellmer's conviction became final 60 days after the Judgment was entered on February 19, 1993, and that the time for filing a postconviction relief petition expired on April 20, 1994. Thus, the District Court concluded that Kellmer's petition for postconviction relief was not timely.

¶10 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7. (Citations omitted.)

¶11 We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶12 We conclude the District Court erred in determining that Kellmer's petition became time-barred as of April 20, 1994. Rather, because Kellmer is stating a challenge to the legality of the First Revocation, it was incumbent upon him to file a timely appeal from the court's adverse decision revoking that suspended sentence. The revocation hearing was held on November 15, 2000, and the court's judgment was filed on December 5, 2000. In criminal cases, an appeal must be filed within 60 days after the entry of judgment. M.R.App.P. 5(b). Kellmer's time for filing a notice of appeal from the First Revocation therefore expired on February 3, 2001. Kellmer did not file the petition before us until February 12, 2003.

4

¶13   Moreover, even construing his habeas petition as a postconviction petition, Kellmer's petition is still time-barred. Pursuant to § 46-21-102(a), MCA, a petitioner has one year from the date upon which the time for appeal expires in which to file a petition for postconviction relief. Kellmer's time for filing a petition for postconviction relief from the First Revocation therefore expired on February 3, 2002. Thus, his petition, filed February 12, 2003, is untimely.

¶14   We will affirm a District Court if it reached the correct result for the wrong reason. *State v. S.T.M.*, 2003 MT 221, ¶ 15, 317 Mont. 159, ¶ 15, 75 P.3d 1257, ¶ 15. Under any scenario, Kellmer's petition is time-barred. On the face of the briefs and the record on appeal, it is manifest that the appeal is without merit as the issues are clearly controlled by settled Montana law. Therefore, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JOHN WARNER