No. 04-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 189N

MITCHELL TODD KENNEDY,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and for the County of Missoula, Cause No. DC 2002-29
                     The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Mitchell Todd Kennedy, *pro se*, Deer Lodge, Montana

        For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Tammy K Plubell,
        Assistant Attorney General, Helena, Montana; M. Shaun Donovan, Mineral
        County Attorney, Superior, Montana

Submitted on Briefs:  June 23, 2004

Decided:  July 20, 2004

Filed:

_____
                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Mitchell Todd Kennedy, appearing *pro se*, appeals the District Court's denial of his Petition for Postconviction Relief. We affirm.

¶3 On March 31, 2000, Kennedy pled guilty to the offenses of Mitigated Deliberate Homicide, Felony Assault, and Assault on a Police Officer, pursuant to a Plea Agreement in which the State agreed to recommend that Kennedy be ineligible for parole for the first 20 years of his sentence. On January 16, 2002, the District Court sentenced Kennedy to the Montana State Prison for 40 years for Mitigated Deliberate Homicide, 10 years for Felony Assault, and 10 years for Assault on a Police Officer. He was also sentenced to an additional 10 years in the Montana State Prison pursuant to § 46-18-221, MCA, for using a dangerous weapon in the commission of the homicide. The 70 years of incarceration were ordered to run consecutively, and Kennedy was declared ineligible for parole until he serves 35 years of his sentence. Kennedy appealed this sentence on the sole grounds that the District Court failed to adequately state its reasons for imposing the 35-year parole restriction against him. We affirmed. *State v. Kennedy*, 2001 MT 226N.

¶4    On October 1, 2002, Kennedy filed a Petition for Postconviction Relief in the District Court, arguing that the 35-year parole restriction in his sentence was based on inaccurate information; that the sentencing court's written judgment did not conform with its oral pronouncement of sentence; that the 35-year parole restriction for Mitigated Deliberate Homicide violates the Eighth Amendment to the United States Constitution and is disproportionate because it keeps him in prison longer than a life sentence for the greater offense of Deliberate Homicide (which has a 30-year parole restriction) would have; that the weapons enhancement violates the Double Jeopardy clause of the state and federal Constitutions; that his due process rights were violated because the weapons enhancement was not listed in the charging document; that it is unconstitutional to add a weapons enhancement to a Felony Assault charge; and that his sentences were made consecutive instead of concurrent without an adequate statement of reasons from the sentencing court. Kennedy requested relief in the form of resentencing to concurrent sentences with a 10-year parole restriction.

¶5    On August 22, 2003, the District Court denied his Petition, concluding that all of Kennedy's claims were procedurally barred by § 46-21-105(2), MCA, as he could have raised those issues on appeal but failed to do so. The sole exception is the issue of the allegedly inaccurate reasoning behind the sentencing court's 35-year parole restriction, which was nonetheless barred by *res judicata* as it was the subject of Kennedy's direct appeal. From this Order Kennedy appeals, praying for relief in the form of resentencing to concurrent sentences with a 20-year parole restriction.

¶6    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citations omitted).

¶7    Kennedy argues that the District Court erred when it concluded that he could have raised these issues on direct appeal. He claims he did not have true access to the appeals process, because his appellate counsel chose to base his appeal on a single issue--whether the District Court adequately stated the reasons it imposed a 35-year parole restriction on him--and chose not to appeal on other grounds. Kennedy, meanwhile, could not file briefs on his own behalf because a party represented by counsel cannot file documents with a court in a *pro se* format. (*See, e.g., State v. Weaver*, 2001 MT 115, ¶ 24, 305 Mont. 315, ¶ 24, 28 P.3d 451, ¶ 24.) Kennedy claims to have "had no part in the direct appeal process" and further claims that he had inadequate access to legal materials and thus was unable to assist in his own defense.

¶8    The State responds that Kennedy has not asserted that his appellate counsel was ineffective for failing to challenge his sentence on additional grounds, and that, pursuant to § 46-21-105(2), MCA, Kennedy cannot now raise these issues in a Petition for Postconviction Relief. Furthermore, the State argues, the District Court correctly denied Kennedy's claim that the sentencing court did not adequately state reasons for the parole restriction because *res judicata* applies.

¶9 Kennedy replies that, although he appealed his sentence on the grounds that the sentencing court did not adequately state its reasoning in restricting his parole eligibility for 35 years, he now prays for relief for different underlying reasons than those which were adjudicated on direct appeal. In his reply, Kennedy also alleges that the Mineral County Attorney violated the Plea Agreement by failing to object to the sentencing court's imposition of a 35-year parole restriction instead of the County Attorney's 20-year recommendation.

¶10 We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶11 We conclude the District Court correctly found that Kennedy's claims were barred pursuant to § 46-21-105(2), MCA, as they could have been raised on direct appeal, and that Kennedy's claim that the sentencing court did not adequately address the reasons behind its sentence is barred by *res judicata*. Kennedy's claims to the contrary, he presents no evidence to support his claim that he did not have the opportunity to participate in his direct appeal, and thus has no grounds upon which to claim that he was barred from raising these issues at that time. Furthermore, his argument that the Mineral County Attorney did not uphold the Plea Agreement was not presented to the lower court and is thus not properly before us on appeal. However, it, too, could have been presented on direct appeal, and thus would also be procedurally barred from Postconviction Relief.

¶12    On the face of the briefs and the record on appeal, it is manifest that the appeal is without merit as the issues are clearly controlled by settled Montana law.  Therefore, we affirm the judgment of the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ JIM RICE