No. 04-123

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 360

TODD C. OATMAN,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DV-02-1118,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Todd C. Oatman (pro se), Deer Lodge, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney; Karen Townsend, Deputy
Count Attorney, Missoula, Montana

Submitted on Briefs: August 4, 2004

Decided: December 20, 2004

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Todd C. Oatman (Oatman), appearing *pro se*, appeals from the denial of his Petition for Postconviction Relief filed in the Fourth Judicial District Court, Missoula County.  We affirm in part and remand in part.

¶2     There is one issue on appeal: Did the District Court err in denying Oatman's Petition for Postconviction Relief?

BACKGROUND

¶3     For a complete rendition of the facts concerning this matter, *See State v. Oatman* (1996), 275 Mont. 139, 911 P.2d 213, where we affirmed the District Court's denial of Oatman's motion *in limine*.

¶4     On October 25, 1993, Oatman was charged with five counts of robbery to which he pled not guilty.  On July 6, 1994, a jury found Oatman guilty of all charges.  On August 19, 1994, Oatman was sentenced to the Montana State Prison to a term of forty years on each count.  Oatman was also sentenced to a concurrent term, to be served in the federal prison system, which has since been completed.

¶5     After serving his federal prison sentence, Oatman was returned to the custody of the State of Montana at which time he filed a Motion to Reconsider Sentence, which the District Court granted.  A hearing was held on November 15, 2001, where Oatman personally appeared, provided testimony and was represented by counsel.  On December 3, 2001, the District Court ordered Oatman be granted credit for time served while he was in federal prison.

¶6 Oatman filed a Petition for Postconviction Relief on December 31, 2002, on various grounds. The District Court ordered the Missoula County Public Defender's Office to conduct an initial evaluation on the merits of Oatman's petition and report the results to the court, including a recommendation about whether the interests of justice required continued appointment of counsel at public expense. The Public Defender's Office reported that § 46-21-102, MCA (1993), provided for a five-year statute of limitations on claims for postconviction relief, which barred Oatman's petition, and the miscarriage of justice exception to the statute of limitations did not apply. The District Court denied Oatman's petition. This appeal follows.

## STANDARD OF REVIEW

¶7 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citation omitted).

## DISCUSSION

¶8 Oatman argues the District Court erred when it denied his Petition for Postconviction Relief because of newly-discovered evidence that proves he was "actually innocent," which meets the § 46-21-102(2), MCA, exception to the statute of limitations. He also contends he had ineffective assistance of counsel during his first appeal for not bringing the claim of "actual innocence." Oatman further asserts he has been denied proper credit for time served.

¶9 The State argues the District Court properly dismissed the postconviction petition on

3

the basis of the statute of limitations, as Oatman has not alleged nor shown any newly-discovered evidence which would bring his case within the § 46-21-102(2), MCA, exception. It further contends that at most, Oatman posits a belated sufficiency of the evidence claim, which is an alleged claim of legal, not actual innocence.

¶10 We agree with the State as to the statute of limitations issue. Oatman's postconviction claims relate back to his original conviction and sentence, which was imposed on August 19, 1994. In accordance with the 1993 version of § 46-21-102, MCA, in effect at the time of his conviction, Oatman had five years from the date of conviction in which to file for postconviction relief. *See Hawkins v. Mahoney*, 1999 MT 82, ¶ 9, 294 Mont. 124, ¶ 9, 979 P.2d 697, ¶ 9. The five-year period lapsed on August 19, 1999, so the petition Oatman filed in District Court on December 31, 2002, is clearly time-barred.

¶11 Section 46-21-102(2), MCA, waives the statute of limitations and allows an appeal based on newly-discovered evidence to avoid a miscarriage of justice, but limits the time for this type of appeal to one year after the final conviction or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later. The newly-discovered evidence must prove, in light of the evidence as a whole, that the defendant did not engage in the criminal conduct for which he is convicted. Oatman argues his newly-discovered evidence demonstrates he is "actually innocent" of the fifth count of robbery, therefore his case fits squarely under § 46-21-102(2), MCA.

¶12 The miscarriage of justice exception at § 46-21-102(2), MCA, is concerned with actual and not legal innocence. *State v. Redcrow*, 1999 MT 95, ¶ 33, 294 Mont. 252, ¶ 33,

4

980 P.2d 622, ¶ 33. Satisfying this exception casts a higher burden upon a postconviction petitioner whose claim has been barred by the statute of limitations. *State v. Pope*, 2003 MT 330, ¶ 53, 318 Mont. 383, ¶ 53, 80 P.3d 1232, ¶ 53. "Actual innocence 'does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.'" *Redcrow*, ¶ 33.

¶13 Here, Oatman has not come forth with any newly-discovered evidence of his actual innocence. He asserts one of his robbery victims provided testimony that contradicted the allegation she was robbed and this testimony constitutes newly-discovered evidence. However, the jury heard this testimony at trial, therefore it does not qualify as newly-discovered evidence. We agree with the District Court's conclusion and hold the alleged new evidence does not serve to extend the statutory bar of § 46-21-102(1), MCA, beyond the five-year period, pursuant to the 1993 version in effect at the time of Oatman's conviction.

¶14 Oatman also contends his counsel, Larry Mansch (Mansch) was ineffective during his first appeal for not bringing the claim of "actual innocence." When analyzing ineffective assistance of counsel claims, we first consider whether the record is sufficient to determine whether counsel was ineffective. *State v. Daniels,* 2003 MT 247, & 41, 317 Mont. 331, & 41, 77 P.3d 224, & 41. "[W]here ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal and, conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for post-conviction relief." *State v. White,* 2001 MT 149, & 12, 306 Mont. 58, & 12, 30 P.3d 340, & 12 (citation

omitted).

¶15 The right to effective assistance of counsel is guaranteed by the Sixth Amendment of the United States Constitution and by Article II, Section 24, of the Montana Constitution. We have adopted the two-part test of *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in determining ineffective assistance of counsel claims. *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, ¶ 11, 97 P.3d 1095, ¶ 11. Oatman must first demonstrate his counsel's actions fell below an objective level of reasonableness or were defective, and second, establish there is a reasonable probability the result of the proceeding would have been different had counsel not performed ineffectively. *Kougl*, ¶ 11.

¶16 A review of the record shows Mansch diligently represented Oatman before and throughout his trial and first appeal. In fact, four years after Oatman's appeal from his conviction, Oatman hired Mansch to represent him during his Motion to Reconsider Sentence, which demonstrates Oatman must have been satisfied with Mansch's earlier representation. Additionally, because Oatman did not have a claim of actual innocence, there was no need for Mansch to not bring such an argument on direct appeal. As such, we determine Mansch effectively represented Oatman in this matter.

¶17 We do find merit in Oatman's claim that he has been denied proper credit for time served and remand this issue to the District Court. At the Motion to Reconsider Sentence hearing, Oatman sought credit for time served while he was in federal prison. The State did not object to this time credit, the District Court concurred and granted him such time credit. There appears to be a question as to the amount of time to which Oatman is entitled. We

remand on this issue. If Oatman did not receive credit for those days on the federal sentence, credit will be granted.

¶18    Affirmed in part and remanded in part.

_____
Justice

We Concur:

/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON