No. 04-337

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 10

PAMELA K. ELLIOTT,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                   In and for the County of Custer, Cause No. DV 03-15,
                   The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       William F. Hooks, Attorney at Law, Helena, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Jennifer Anders,
       Assistant Attorney General, Helena, Montana

       Gary Bunke, Custer County Attorney, Miles City, Montana

       John P. Connor, Jr., Barbara C. Harris, Special Deputy Custer County
       Attorneys, Helena, Montana

                       Submitted on Briefs:  January 4, 2005

                             Decided:  January 25,

2005
Filed:

_____
                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pamela K. Elliott (Elliott) appeals from the denial of her Petition for Postconviction Relief by the Sixteenth Judicial District Court, Custer County.  We affirm.

¶2     Elliott raises a single issue on appeal: Whether the District Court erred in denying Elliott's Petition for Postconviction Relief based upon ineffective assistance of counsel.

BACKGROUND

¶3     Resolving this appeal requires a limited discussion of the facts, but for a complete background on this matter, *see State v. Elliott*, 2002 MT 26, 308 Mont. 227, 43 P.3d 279, where we affirmed Elliott's jury conviction of deliberate homicide, involving her newborn child.  Police found the child's body wrapped in plastic bags and a towel and located in a cupboard in Elliott's basement approximately six months after its full-term birth.  An autopsy revealed multiple fractures on both sides of the child's skull that were consistent with the use of significant force.

¶4     The District Court appointed J.B. Wheatcroft (Wheatcroft) to represent Elliott and several months later, appointed Cynthia Thornton (Thornton) as co-counsel.  Both attorneys represented Elliot at trial and on direct appeal.  At trial, Elliott's primary defense was that the State could not prove that the baby was alive at the time of its birth.  As a result, the State could not prove an element of deliberate homicide, namely, whether it was committed on a "human being," which is defined as "a person who has been born and is alive."  The State produced four expert witnesses to testify about the skull fractures and the cause of the child's death.  Although Thornton consulted an obstetrician about serving as an expert witness, the doctor ultimately refused to serve as an expert or testify on Elliott's behalf.

2

¶5     Thornton then filed a motion to continue the trial in order to secure an expert witness, but when Thornton was unavailable on the day of the hearing, Wheatcroft argued the motion. In her motion, Elliott stated that she did not believe she could proceed without an expert witness, but did not state whether she had contacted other potential experts or how the expert testimony would aid her defense. The District Court denied the motion and Elliott's counsel secured no other expert witnesses.

¶6     Elliott subsequently filed a *pro se* Petition for Postconviction Relief with the District Court. The District Court appointed counsel to represent Elliott in the postconviction proceeding and granted her leave to file an amended Petition. The amended Petition (Petition) identified twelve separate allegations of ineffective assistance of counsel claims concerning representation by Wheatcroft and Thornton, both at trial and on direct appeal. The District Court denied relief after holding a hearing where both Wheatcroft and Thornton testified. This appeal follows.

## STANDARD OF REVIEW

¶7     We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citation omitted). Claims of ineffective assistance of counsel constitute mixed questions of law and fact that we review *de novo*. *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, ¶ 12, 97 P.3d 1095, ¶ 12 (citations omitted).

## DISCUSSION

¶8     The Sixth Amendment of the United States Constitution and Article II, Section 24,

of the Montana Constitution guarantee the right to effective assistance of counsel. We have adopted the two-part test of *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to evaluate ineffective assistance of counsel claims. *Kougl*, ¶ 11. Elliott first must demonstrate her counsels' actions fell below an objective standard of reasonableness or were deficient. *Kougl*, ¶ 11. In doing so, Elliott must overcome a strong presumption that counsels' defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions. *Davis v. State*, 2004 MT 112, ¶ 20, 321 Mont. 118, ¶ 20, 88 P.3d 1285, ¶ 20. If Elliott meets the first prong, she then must show that counsels' deficient performance prejudiced her. To establish prejudice, a defendant must show that a reasonable probability exists that the result of the proceeding would have been different had counsel not performed ineffectively. *Kougl*, ¶ 11. A reasonable probability means a probability sufficient to undermine confidence in the outcome, but it does not require that a defendant demonstrate she would have been acquitted. *Kougl*, ¶ 25.

¶9     The District Court concluded that Elliott failed to meet her burden of proving deficient performance by Wheatcroft and Thornton thereby obviating the need to evaluate whether her counsels' actions prejudiced Elliott. We agree that most of Elliott's allegations fail to rise to the level of deficient performance either during trial or on direct appeal. Where questions do arise about counsels' reasonableness of legal strategies and tactics, however, those questions do not rise to the level of prejudice.

¶10     Much of Elliott's argument echoes her concern that her counsels' failure to secure an expert who would testify in support of her defense theory prejudiced her. The record shows that Wheatcroft and Thornton made efforts to secure an expert witness before trial, but the

4

intended expert backed out due to his apparent unwillingness to testify in support of the defense's legal theory that the child had been stillborn. Even if Elliott's counsel performed deficiently with regards to securing an expert witness, however, she has not been prejudiced. Elliott has failed to establish that an expert could be found who would testify affirmatively about her defense theory, much less demonstrated that the testimony of a defense expert witness would have overcome the testimony of the State's four expert witnesses to the extent of showing a reasonable probability that the outcome of the trial would have been different. We agree with the District Court that "any assertion that the mere presence of an expert for the defense would have made a difference . . . is mere speculation."

¶11     Elliott next asserts that her counsel had an opportunity to continue trial so they could secure another expert, but Wheatcroft's lack of preparedness to argue the motion to continue caused him to fail in that attempt. She points to testimony presented at the hearing on the Petition to support her argument. For instance, Wheatcroft testified that Thornton had handled the filing of the motion and he could not explain fully "the matter of due diligence, what efforts had been made in that connection, and [Thornton's] relative assurances that Dr. Billedeaux would be available to testify. I wasn't prepared to argue that." Wheatcroft conceded, however, that he understood the nature of the motion, the basis for it, and that he did his best in arguing it.

¶12     The District Court concluded that Wheatcroft fully and adequately argued Elliott's motion to continue and that he had full knowledge of its basis. Elliott disputes this conclusion and argues that Wheatcroft's testimony demonstrates he was "simply not prepared" to argue the motion. In any case presenting an ineffectiveness claim, however,

5

the "performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Elliott has failed to establish that her counsels' actions fell below an objective standard of reasonableness or were deficient. Although Thornton may have been in a better position to argue the motion, her unexpected absence did not prevent Wheatcroft, who served as co-counsel from the outset of the case, from effectively stating the defense's position on behalf of Elliott with respect to the need to continue the trial.

¶13     Even if we determined Wheatcroft's advocacy at the hearing to be deficient, Elliott has not demonstrated that she was prejudiced by that performance. As stated above, Elliott has not established that an expert could have been secured to promote her novel argument that the child had been stillborn and had suffered skull fractures during a vaginal birth. In order to satisfy the second prong of *Strickland*, Elliott must show a reasonable probability exists that the result of the proceeding would have been different had counsel not performed ineffectively. She has not made the required showing here.

¶14     Elliott also alleges that her counsels' failure to investigate diligently one of the State's expert witnesses constitutes ineffective assistance of counsel. The State contends, and we agree, that Elliott bases her argument solely on the benefit of hindsight. When looking at any case in hindsight it is possible to consider tactics and strategies counsel could have taken. Here the record shows that Wheatcroft and Thornton interviewed the State's expert before trial and objected at the appropriate times when the State's expert testified at trial. In fact, these objections prevented the State's expert witness from offering an opinion on the ultimate issue of whether the child had been born alive. Thornton and Wheatcroft cannot

6

be viewed as providing ineffective assistance of counsel in this regard.

¶15    Elliott's other arguments also fail.  She alleges that Wheatcroft's failure to challenge properly a potential juror for cause rises to the level of ineffective assistance of counsel.  A review of the record demonstrates, however, that Wheatcroft did not challenge the potential juror for cause to prevent the potential juror from further opining during *voir dire* on his views regarding reproductive issues. Wheatcroft testified that the potential juror's continued remarks could have "poisoned" the jury pool.  Wheatcroft's decision to avoid contaminating the jury pool constitutes a reasonable tactical decision. *See State v. Herrman*, 2003 MT 149, ¶¶ 28-29, 316 Mont. 198, ¶¶ 28-29, 70 P.3d 738, ¶¶ 28-29.

¶16    Elliott finally alleges that her counsel failed to move to suppress or object properly to taped statements of Elliott that the State introduced at trial.  Wheatcroft testified that no issues regarding the tapes supported a motion to suppress.  A review of the record again demonstrates her counsel made a tactical decision on this matter to object to the State's use of the tapes at trial.  Although the District Court overruled Wheatcroft's objections, this approach cannot be deemed unreasonable or deficient, particularly given that Elliott has not demonstrated how the inclusion of any objectionable material on the tapes undermined the outcome of her trial.

¶17    At the end of the day, Elliott has failed to overcome the strong presumption that counsels' defense strategies and trial tactics fell within a wide range of reasonable and sound professional decisions.  Although she may not agree with the tactics or decisions that were made, particularly because she was convicted and sentenced to prison, she has not demonstrated in this appeal that her counsels' actions fell below an objective standard of

reasonableness or were deficient. Even if some of the decisions could be deemed sufficient to pass the first *Strickland* prong, Elliott has not shown she was prejudiced, or that a reasonable probability exists that the result of the proceeding would have been different had counsel not performed ineffectively. As such, we conclude that Elliott has failed to meet her burden in demonstrating that Wheatcroft and Thornton provided ineffective assistance of counsel in this matter and the District Court correctly denied Elliott's Petition for Postconviction Relief.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER