JUSTICE LEAPHART
dissenting.
Osborne has petitioned this Court for a rehearing on the grounds that “the decision is in conflict with an express statute or controlling decision to which the attention of the court was not directed.” Rule 34, M.R.App.P. Osborne suggests that Eberhart v. United States (2005), _U.S._, 126 S.Ct. 403, 2005 WL 2838595, issued by the Court six days after we decided State v. Osborne, 2005 MT 264, 329 Mont. 95, 124 P.3d 1085, requires reconsideration of this Court’s conclusion that § 46-21-105(2), MCA, represents a jurisdictional limit on courts’ ability *103 to entertain and decide issues raised in petitions for postconviction relief. In Eberhart, the Court reversed the Seventh Circuit’s determination that Rule 33 of the Federal Rules of Criminal Procedure-a limitation on the time within which a defendant must file a motion for a new trial-removes the court’s jurisdiction to entertain motions not filed within the allotted timeframe. Eberhart, 126 S.Ct. at 407. The Court reiterated the “critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule.” Eberhart, 126 S.Ct. at 403 (quoting Kontrick v. Ryan (2004), 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867). The Court explicitly distinguished “prescriptions delineating the classes of cases . . . falling within a court’s adjudicatory authority,” from mere “claim-processing rules,” and held that courts should not consider the latter to be jurisdictional. Eberhart, 126 S.Ct. at 405 (citation omitted). Although I, on behalf of the Court, authored Osborne, and although Eberhart is not binding on this Court, I find its reasoning persuasive, and would grant Osborne’s petition for rehearing in this case.
Although Eberhart addressed a time limitation while Osborne addressed a statutory procedural bar premised on one’s ability to have previously raised a claim on direct appeal, I consider this to be a distinction without significance. The procedural bar precludes one from bringing a claim in postconviction proceedings if that claim was or could have been raised on direct appeal. In effect, this is no different than a simple time limitation: the claim should have been brought at some earlier time (i.e., within sixty days of the entry of judgment, Rule 5(b), M.R.App.P.), so we cannot now consider it. Furthermore, Osborne relies on Peña v. State, 2004 MT 293, 325 Mont. 347, 100 P.3d 154, wherein this Court concluded that § 46-21-102, MCA-the statutory time limitation for filing a petition for postconviction relief-is jurisdictional. In Peña, I noted that the time bar of § 46-21-102, MCA, is properly construed as a statute of limitations rather than a jurisdictional limit because this Court has imposed exceptions to the time bar. Peña, ¶ 41 (Leaphart, J., dissenting). Thus, I advocated that we interpret our statute in accordance with the federal interpretation of the time limit for filing petitions for a writ of habeas corpus. Peña, ¶ 42 (Leaphart, J., dissenting) (citing Calderon v. U.S. Dist. Court (9th Cir. 1997), 128 F.3d 1283, 1288-89). Eberhart casts new doubt on Peña’s interpretation of a provision of Montana’s postconviction statute-an interpretation to which this Court acquiesced in deciding Osborne. The Supreme Court’s taxonomy would certainly render § 46-21-102 an *104 inflexible “claim-processing rule” rather than a “prescription delineating the classes of cases falling within [this Court’s] adjudicatory authority.” Eberhart, 126 S.Ct. at 405. “Nothing in the phraseology” of § 46-21-102 “requires or necessarily suggests that its commands go to the jurisdiction of the court.” United States v. Doe (9th Cir. 2004), 366 F.3d 1069, 1076 (discussing a federal statutory provision); see § 46-21-102, MCA (“a petition . . . may be filed at any time within 1 year of the date that the conviction becomes final”). Having previously decided that § 46-21-102, MCA, represented a jurisdictional bar, it would have been anomalous for this Court to hold in Osborne that § 46-21-105(2) does not represent such a bar. In light of Pena’s dubious precedential value, however, the outcome in Osborne becomes problematic, at best.
Section 46-21-105(2) does not proscribe a class of cases in a substantive jurisdictional sense. Rather, the class of claims that is procedurally barred is based on the timing of the claim: had the claim been brought within 60 days of the entry of judgment, it would not have been barred. Perhaps this Court will someday tread more carefully around the “morass into which [courts may be led] by loose talk about jurisdiction.” City of Yonkers v. U.S. (1944), 320 U.S. 685, 695, 64 S.Ct. 327, 333, 88 L.Ed. 400 (Frankfurter, J., dissenting). By way of illustration, simply ascertaining whether certain claims could have been raised on direct appeal requires a court to make complicated, discretionary determinations. For example, ineffective assistance of counsel claims based on facts of record may be brought on direct appeal, whereas non-record based claims are appropriate for postconviction proceedings. Hagen v. State, 1999 MT 8, ¶ 12, 293 Mont. 60, ¶ 12, 973 P.2d 233, ¶ 12. We deem a claim record based if the record fully explains why counsel took the particular course of action. State v. White, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20. The delineation between record based and non-record based claims is a judicial creation. Moreover, the determination of whether the record fully explains why counsel took a particular course of action requires the court to exercise some discretion. It is inappropriate for this Court to have such broad leeway in defining its own jurisdiction.
Accordingly, I dissent.
JUSTICE NELSON concurs in the dissent of JUSTICE LEAPHART.
JUSTICE COTTER concurs in the dissent of JUSTICE LEAPHART.