DA 06-0727

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 11N

ARTHUR P. KASKE,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-03-0460
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Arthur P. Kaske, Pro Se, Clinton, MT

      For Appellee:

      Hon. Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney; Karen Townsend,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs: November 7, 2007

Decided: January 15, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Arthur P. Kaske (Kaske), a self-represented litigant, appeals from an order denying his petition for postconviction relief entered by the Fourth Judicial District Court, Missoula County.  We affirm.

¶3      Kaske was charged with criminal possession of dangerous drugs as a result of a traffic stop.  Upon his conviction by a jury, the trial court ordered a presentence investigation, continued Kaske's release on his own recognizance, and set a date and time for sentencing.

¶4      When Kaske failed to appear for the sentencing hearing, a bench warrant was issued for his arrest.  While he was at large, the court granted Kaske a new trial.  Several years passed before Kaske was arrested in New York and extradited back to Montana.  Thereafter, the information was amended to include a count of bail jumping.

¶5      Kaske was provided with a succession of court-appointed attorneys and had "conflicts" with all of them.  When Kaske decided to represent himself at the second trial, he was appointed stand-by counsel.

¶6 Kaske argued at trial that the evidence seized during the traffic stop initially tested negative for illegal drugs, but that law enforcement substituted other evidence that tested positive for methamphetamine. The jury convicted him and he was sentenced to prison for consecutive terms of five years for criminal possession of dangerous drugs, ten years for bail jumping, and five years as a persistent felony offender. Kaske appealed, and we affirmed his conviction in *State v. Kaske,* 2002 MT 106, 309 Mont. 445, 47 P.3d 824.

¶7 Kaske subsequently petitioned for postconviction relief on the basis that newly discovered evidence exists that, if proved, would show he did not engage in the criminal conduct for which he was convicted. He also moved for appointment of counsel. The District Court determined Kaske's petition merely repeated the issues Kaske raised in pretrial motions and at trial. It, therefore, denied Kaske's motion for appointment of counsel and dismissed the petition. Kaske appeals.

¶8 We review a district court's denial of postconviction relief to determine whether the challenged findings of fact are clearly erroneous, and whether the conclusions of law are correct. *State v. Root,* 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7.

¶9 The District Court properly denied Kaske counsel under §§ 46-8-104 and 46-21-201(2), MCA. *See also Swearingen v. State,* 2001 MT 10, ¶¶ 8-10, 304 Mont. 97, ¶¶ 8-10, 18 P.3d 998, ¶¶ 8-10.

¶10 The District Court also properly dismissed Kaske's petition. Section 46-21-102(2), MCA, requires a showing that new evidence exists which, if proved and viewed in the light of the evidence as a whole, would establish the petitioner did not engage in the criminal

conduct for which he was convicted. Kaske did not establish the existence of any new evidence. His claim is more correctly characterized as a belated sufficiency of the evidence claim. *See State v. Oatman,* 2004 MT 360, ¶ 9, 324 Mont. 472, ¶ 9, 104 P.3d 1048, ¶ 9.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because the issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶12 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

4