

DA 07-0128

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 52N

STATE OF MONTANA,

        Plaintiff and Appelee,

    v.

LAVERNE JOSEPH CHARLES VONDAL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and For the County of Sheridan, Cause No. DC 46-2004-1052
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            LaVerne Joseph Charles Vondal, Pro Se, Shelby, Montana

        For Appellee:

            Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

            Steve Howard, Sheridan County Attorney, Plentywood, Montana

Submitted on Briefs:  December 6, 2007

Decided:  February 13, 2008

Filed:

_____
                  Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Laverne Joseph Charles Vondal, (Vondal), a self-represented litigant, appeals from an order denying his motion to amend judgment in the Fifteenth Judicial District Court, Sheridan County.  We affirm.

¶3     Vondal was charged with a number of offenses related to operating a clandestine drug laboratory, and several counts of felony criminal endangerment.  Pursuant to a plea bargain, Vondal plead guilty to operating an illegal, clandestine drug lab and two counts of felony criminal endangerment, in exchange for dismissal of related offenses. Vondal moved to withdraw his guilty plea, which the district court denied, and on November 15, 2004, he was sentenced to forty years in prison with twenty-five suspended for operating an illegal drug lab, and ten years for each of the two counts of criminal endangerment, all to be served concurrently.  The judgment also required Vondal to pay restitution for overtime incurred by the drug task force and sheriff's office, and for clean-up and disposal of the premises.  The record reflects that on February 7, 2005, Vondal filed a "notice of intent to appeal" with the District Court, however, he did not properly pursue an appeal with this Court.

¶4     Vondal filed a motion to amend judgment, on September 5, 2006, alleging that the restitution requirement in his judgment was illegal because the procedures followed did not

2

comport with the statutory requirements of §§ 46-18-112 and 46-18-242, MCA, which require the pecuniary loss suffered by the victim to be ascertained and reflected in the presentence report. The District Court denied the motion, and it is from this order Vondal appeals.

¶5   Vondal's motion to amend judgment is, in essence, a petition for postconviction relief. Section 46-21-102(1), MCA, requires that a petition for postconviction relief must be filed within one year from when the judgment became final. Vondal's sentence became final in January of 2005, therefore, his petition is barred because it is untimely. *See State v. Root,* 2003 MT 28, ¶ 16, 314 Mont. 186, ¶ 16, 64 P.3d 1035, ¶ 16.

¶6   We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because the restitution requirements were entered without objection and the arguments were not raised in a timely matter. These issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶7   Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER

3

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS