DA 07-0742

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 385N

DOUGLAS R. BOESE,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 97-025
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Douglas R. Boese, self-represented; Deer Lodge, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, David Ole Olson,
Assistant Attorney General; Helena, Montana

              Submitted on Briefs: July 16, 2008

                  Decided: November 18, 2008

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas R. Boese (Boese), a self-represented litigant, appeals an order from the Eighth Judicial District Court, Cascade County, denying his petition for postconviction relief. We affirm.

¶3 In 1998, Boese was convicted upon a jury verdict and sentenced for one count of robbery (30 years), misdemeanor theft (6 months), and misdemeanor forgery (6 months), to be served concurrently. These convictions arose from a purse-snatching incident after which Boese cashed a check from the purse.

¶4 Boese appealed and the Office of Appellate Defender (OAD), which then represented Boese, filed an *Anders* brief and moved to withdraw as counsel.[1] We agreed that Boese presented no non-frivolous issues on appeal, granted OAD's motion to withdraw, and dismissed the appeal.

¶5 Boese filed a postconviction petition with the District Court, alleging, among other things, that the jury summoning process violated § 3-15-505, MCA (1997). Boese claimed his trial counsel was ineffective in failing to object to the juror summoning

---

[1] *See Anders v. California*, (1967), 386 U.S. 738, 87 S. Ct. 1396 and § 46-8-103, MCA.

process, thereby failing to preserve the issue for appeal. Boese also maintained that his appellate counsel was ineffective for failure to raise the issue on appeal. The District Court denied Boese's petition. On appeal, we noted that, at the time of Boese's trial, a claim based upon the juror summoning process such as raised in *State v. LaMere*, 2000 MT 45, 298 Mont. 358, 2 P.3d 204 had not been successful in Montana, and determined that trial counsel's failure to object to the manner the jury had been summoned did not constitute deficient performance. We noted Boese had failed to provide affidavits or other records supporting his claim factually. We noted that his appellate counsel could not have rendered deficient performance for failing to raise the issue on appeal because it had not been raised in the district court and was not record-based. We refused Boese's apparent invitation to apply the plain error doctrine because that argument was raised for the first time in his reply brief. *Boese v. State*, 2002 MT 205N. (*Boese I.*)

¶6     In March of 2004, Boese filed a second postconviction petition, alleging that because the jury summoning procedure did not substantially comply with § 3-15-505, MCA (1997), he was denied his right to a fair and impartial jury. Boese also maintained that no tactical reason could support trial counsel's failure to raise the jury summoning issue, and that he suffered prejudice. Boese maintained that he could not be procedurally barred by failure to raise the issue on appeal because a review of evidence outside of the record was necessary to resolution of the issue. Boese requested that the court appoint him counsel, hold an evidentiary hearing, vacate the conviction, and order a new trial. Boese claimed he was entitled to an exception to the time bar because his constitutional rights are at issue. The District Court denied the petition as time-barred and

3

procedurally-barred. On appeal, we affirmed, noting Boese had pointed to no evidence which would establish his actual innocence and there was no basis to apply an exception to the time bar. *State v. Boese*, 2005 MT 31N *(Boese II)*.

¶7 Boese's present pleading is styled a motion for a declaratory judgment, in which he again claims that jurors were improperly summoned. Boese also claims he has been subjected to "reverse" discrimination and denied equal protection under the law, because non-caucasians in other cases (*e.g.* LaMere and Robbins in *State v. Robbins*, 1998 MT 297, 292 Mont. 23, 971 P.2d 359) received different treatment under similar circumstances. The District Court construed Boese's pleading as a petition for postconviction relief, and denied it as procedurally barred. On appeal, Boese argues that the District Court erred by deeming his motion to be a petition for postconviction relief and denying it. Boese also complains the County Attorney was allowed to file an unauthorized objection to his motion.

¶8 Irrespective of the mechanism Boese now employs to raise this claim, it is functionally the same claim and one which must be raised by a petition for postconviction relief. A second or subsequent petition for postconviction relief must demonstrate good cause why the claims asserted were not addressed in the original petition. Section 46-21-105(2), MCA; *State v. Root*, 2003 MT 28, ¶16, 314 Mont. 186, ¶ 16, 64 P.3d 1035, ¶ 16. Boese filed two previous postconviction petitions in *Boese I and II* and has failed to demonstrate good cause why this claim has somehow survived the previous litigation. Boese's claim is barred. Because this issue is dispositive, we decline to address Boese's additional arguments.

4

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and record before us that the appeal is without merit.  The issues are controlled by settled Montana Law that the District Court correctly interpreted.

¶10    Affirmed.

/S/ JIM RICE

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS