No. 03-326

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 9

GREGORY SANCHEZ,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                      In and For the County of Yellowstone, Cause No. DC 97-305,
                      Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Gregory J. Sanchez, Pro Se, Shelby, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Micheal S.
            Wellenstein, Assistant Attorney General, Helena, Montana

            Dennis Paxinos, County Attorney, Billings, Montana

            Submitted on Briefs:  December 19, 2003

                       Decided:  January 27, 2004

Filed:

               _____
                               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Gregory Sanchez (Sanchez) appeals the District Court's denial of postconviction relief. We affirm.

¶2 The lone issue on appeal is whether the District Court correctly denied Sanchez's petition for postconviction relief.

## Factual and Procedural Background

¶3 On August 21, 1997, Sanchez pled guilty to the charge of deliberate homicide. He had signed an acknowledgment and waiver of rights on August 20, 1997. Sanchez was not suffering from any mental defect. He was fully advised of his rights and stated that he understood he waived some rights by pleading guilty. He was represented by the Yellowstone County Public Defender Office.

¶4 On November 14, 1997, the court sentenced Sanchez to life in prison for the offense of deliberate homicide. The court also ordered a consecutive ten-year sentence pursuant to Montana's weapon enhancement statute. The court issued its written judgment on November 28, 1997. The judgment was filed on December 3, 1997. No direct appeal of this judgment was filed. On this same date, Sanchez was served with the notice of his right to apply for sentence review within sixty days from the date the judgment was filed.

¶5 On December 26, 1997, Sanchez filed for sentence review. On February 19, 1998, Sanchez's application for sentence review was heard before the Sentence Review Division of this Court. Sanchez was present and proceeded pro se. At the hearing, Sanchez stated he did not wish to proceed. The Review Division unanimously decided that his application for

sentence review should "be held in abeyance until the time" Sanchez finishes the appeal process. He would then have sixty days to refile for sentence review. Sanchez did not file an appeal.

¶6 On January 27, 1999, Sanchez again applied for sentence review. Although the Review Board noted his application for review was late, it nonetheless granted his request for sentence review. When Sanchez appeared before the Review Board on this occasion, he was represented by counsel. At the review, Sanchez again stated he did not wish to proceed. The Review Board continued the application for review until August of 1999 so that Sanchez could appeal his sentence if he desired. The Review Board did not explain why it allotted Sanchez additional time to appeal his sentence at this late stage in the proceedings. Nonetheless, Sanchez did not file an appeal.

¶7 On August 31, 2000, Sanchez filed a petition for postconviction relief. He alleged ineffective assistance of counsel as well as numerous other claims concerning his sentence. On December 5, 2002, he filed an amended petition for postconviction relief alleging ineffective assistance of counsel, denial of access to the courts, denial of due process, and that he did not enter his guilty plea freely and knowingly. On March 6, 2003, the District Court denied Sanchez postconviction relief because his petitions were both time-barred by § 46-21-102(1), MCA. Sanchez appeals.

## Discussion

¶8 We review a denial of a petition for postconviction relief to determine whether a district court's findings are clearly erroneous and whether it correctly interpreted the law. *Maier v. State*, 2003 MT 144, ¶ 8, 316 Mont. 181, ¶ 8, 69 P.3d 1194, ¶ 8.

3

¶9 "To determine whether a petition for postconviction relief is timely, we look to the statute of limitations in effect at the time the petition is filed, not to the statute in effect at the time of charge or conviction." *State v. Carson*, 2002 MT 234, ¶ 13, 311 Mont. 485, ¶ 13, 56 P.3d 844, ¶ 13. A petition is required to be filed "at any time within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. The previous time limit of five years was amended to the current one-year limit on April 24, 1997. A conviction is final when the time to appeal to this Court expires. Section 46-21-102(1)(a), MCA. This time limitation is a jurisdictional limit on litigation. *Maier*, ¶ 20. A failure to file within the allotted time defeats a court's jurisdiction to hear a postconviction claim. *Carson*, ¶ 14.

¶10 The jurisdictional time limit is not absolute. A statutory exception to the mandatory time limit exists if a claim "alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted[.]" Section 46-21-102(2), MCA. This information "may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later." Section 46-21-102(2), MCA. We have also stated that the jurisdictional time limit may be waived in order to prevent a clear miscarriage of justice. *State v. Abe*, 2001 MT 260, ¶ 15, 307 Mont. 233, ¶ 15, 37 P.3d 77, ¶ 15. A miscarriage of justice exists if a defendant provides the court with newly-discovered evidence that proves the defendant is actually innocent. *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7.

¶11     Rule 5(b), M.R.App.P., states that an appeal from a judgment in criminal cases must be taken within sixty days.  Sanchez's sentence was imposed on November 14, 1997. Sanchez had sixty days from this date to file an appeal to this Court.  He did not appeal.  His time for appeal expired on January 13, 1998, and his conviction was then final for purposes of the postconviction hearing statute. On August 31, 2000, Sanchez first filed a petition for postconviction relief.  On this date, § 46-21-102(1), MCA, provided that a petition for postconviction relief must be taken within one year from the date the conviction becomes final.  Although there was a five-year time period allowed for filing petitions for postconviction relief when Sanchez committed the deliberate homicide offense, the statute in effect at the time he filed his petition, as well as when his conviction became final, only allowed for one year to file such a petition.  The one-year time period applies to Sanchez's petition. *Carson*, ¶ 13. Thus, Sanchez's initial filing for postconviction relief was over one and one-half years late.  His amended petition for postconviction relief was filed on December 5, 2002, nearly four years past the deadline.

¶12     No exceptions to the statutory time bar apply in this case.  Sanchez has not pointed to any newly-discovered evidence that proves he is innocent. *Rosales,* ¶ 7; § 46-21-102(2), MCA.  Similarly, he makes no claims that he *is* actually innocent of the homicide.  *Rosales*, ¶ 7.  No miscarriage of justice has occurred.  *Abe*, ¶ 15.

¶13     Sanchez makes numerous allegations in his appeal.  These include that his counsel was ineffective, he was denied access to the courts, he was denied due process of law, and

he did not enter a plea of guilty freely and knowingly. However, Sanchez does not provide sufficient factual basis to establish any of these claims.

¶14 The issue that is dispositive of this case is whether his petition for postconviction relief was timely filed. It was not. Sanchez has failed to establish that any of the exceptions to the jurisdictional time bar apply. Sanchez has not established that the District Court's findings are clearly erroneous or that the court's interpretations of law are incorrect. *Maier*, ¶ 8. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ JIM RICE