No. 04-464

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 31N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DOUGLAS R. BOESE,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and for the County of Cascade, Cause No. ADC 97-025
                      The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Douglas R. Boese, *pro se*, Crossroads Correctional Center, Shelby, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Great Falls, Montana


                Submitted on Briefs:  January 4, 2005

                         Decided:  February 15, 2005

Filed:

                    _____
                                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Douglas R. Boese (Boese) appeals from the Order of the Eighth Judicial District Court, Cascade County, denying his second petition for postconviction relief. We affirm.

¶3 On appeal, we address the following issues:

¶4 1. Is Boese's second petition for postconviction relief precluded by the jurisdictional time bar of § 46-21-102(1), MCA?

¶5 2. Do any exceptions to the jurisdictional time bar apply?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6 On January 22, 1997, Boese was charged with one count of robbery, one count of misdemeanor theft and one count of misdemeanor forgery. These charges arose out of a purse-snatching incident outside the Sailboat Lounge in Great Falls, Montana, and the subsequent cashing of a check that had been in the purse. Boese initially pled guilty, but then withdrew his plea and was tried before a jury which found him guilty on all three counts.

¶7 On April 1, 1998, the District Court sentenced Boese to thirty years for the robbery conviction, six months for the misdemeanor theft conviction, and six months for

misdemeanor forgery conviction, specifying that all three sentences were to run concurrently. In doing so, the District Court noted Boese's lengthy criminal record, threats he had made against his own family, other inmates, prison guards, police and sheriffs, and Boese's statement that he "likes to hurt people." Subsequently, Boese's trial counsel moved to withdraw from representation, and the District Court granted the motion.

¶8 In June of 1998, Boese applied *pro se* for sentence review. After considering Boese's case in light of his history, the Sentence Review Division amended the sentence to include the condition that Boese would enjoy no possibility of parole or participation in any supervised release program for the first fifteen years of the sentence. In doing so, the Sentence Review Division noted that Boese misrepresented facts to them, and that the original sentence imposed by the District Court was inadequate to protect society and punish Boese. As further justification for this decision, the Sentence Review Division stated their belief that Boese was unlikely to be rehabilitated.

¶9 On February 16, 1999, Boese's trial counsel filed a notice of appeal to this Court on Boese's behalf. The District Court then appointed appellate counsel to represent Boese on direct appeal. Subsequently, Boese's appellate counsel submitted to us a motion to withdraw from the appeal. In support of this motion, Boese's attorney submitted a brief stating that he had reviewed the entire record and was unable to find any non-frivolous issues to raise on appeal. Pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and § 46-8-103, MCA, Boese was allowed to personally file a response to the motion, which he did. We independently examined the record and concluded that an appeal in

Boese's case would be wholly frivolous. On April 27, 2000, this Court granted counsel's motion to withdraw and dismissed the appeal.

¶10 On June 1, 2001, Boese filed his first petition for postconviction relief with the District Court. Appearing *pro se*, Boese raised several arguments, some of which he raises again in the current appeal. Notably, he argued that the method by which the jury was summoned was constitutional error which should be noticed under the plain error doctrine. In supporting this contention, Boese cited *State v. Robbins*, 1998 MT 297, ¶ 51, 292 Mont. 23, ¶ 51, 971 P.2d 359, ¶ 51, and *State v. LaMere*, 2000 MT 45, ¶ 17, 298 Mont. 358, ¶ 17, 2 P.3d 204, ¶ 17, wherein we held that Cascade County's use of a telephone to contact prospective jurors was a failure to substantially comply with § 3-15-505, MCA (1997), the statute which established proper procedure for summoning a jury. Boese also argued that he was denied effective assistance of counsel because both his trial attorney and appellate attorney had failed to challenge the manner in which the jury was summoned. Further, Boese argued that both attorneys knew of such challenges being mounted in other cases, and thus should have raised the same challenge in his case. Finally, Boese alleged that his trial counsel's failure to object to the jury summoning procedure was due to a "clandestine agreement" among the attorneys at the Cascade County Public Defender's Office meant to deprive defendants of their right to a fair trial.

¶11 On November 6, 2001, the District Court denied Boese's first petition for postconviction relief, citing § 46-21-105(2), MCA, which provides that issues which were or could reasonably have been raised on direct appeal cannot be raised in a postconviction

4

proceeding. In reaching its conclusion, the District Court reasoned that Boese had been afforded the opportunity for direct appeal and this Court had concluded that an appeal would be wholly frivolous. Subsequently, Boese filed notice of appeal to this Court.

¶12 On September 10, 2002, we affirmed the District Court's denial of Boese's first petition for postconviction relief in *Boese v. State*, Cause No. 01-891. At the outset of his appeal, Boese asserted that he had raised non-record issues regarding ineffective assistance of counsel at trial and on appeal, and that such issues were appropriate only for postconviction relief, not direct appeal. Boese claimed that his trial counsel was ineffective in failing to object to the method by which the jury was summoned and in failing to preserve the issue for appeal. Boese also claimed that his appellate counsel was ineffective in failing to raise the same issue on direct appeal. We noted that Boese had not attached to his petition any records or affidavits establishing the existence of facts to support his allegations, as required under § 46-21-104(1)(c), MCA, to support a claim of ineffective assistance of counsel. We also noted that at the time of Boese's trial an argument regarding the jury summoning issue, such as that later raised successfully in *LaMere* had never prevailed. As such, we concluded that failure to raise such an argument at Boese's trial did not constitute deficient performance. Further, we noted that Boese's appellate counsel was procedurally barred from raising the issue because it was not raised at trial and, in addition, was not record-based. Finally, we declined Boese's invitation to employ the plain error doctrine with regard to these contentions, as Boese raised the issue for the first time in his reply brief.

5

After addressing several other specifications of error raised by Boese, we concluded that the District Court had properly denied the petition for postconviction relief.

¶13    On March 30, 2004, Boese filed his second petition for postconviction relief with the District Court. Appearing *pro se*, Boese again argued that he was entitled to relief based on the procedure used to summon the jury, and based on alleged ineffective assistance of counsel. Specifically, Boese cited *Robbins*, ¶ 51, and *LaMere*, ¶ 17, in arguing that his right to a fair and impartial jury was violated by the jury summoning procedure that did not substantially comply with § 3-15-505, MCA (1997). Boese also asserted that this claim could be considered by the District Court pursuant to the plain error doctrine and *State v. Whitehorn*, 2002 MT 54, 309 Mont. 63, 50 P.3d 121.

¶14    Additionally, Boese argued again that his constitutional right to counsel was violated when his trial attorney failed to raise and preserve the issue of improper jury summoning, despite actual knowledge of the issue and access to the information that would have supported the objection. Arguing that no tactical reason could have existed for not preserving this issue, Boese asserted that he was prejudiced by this failure. Further, he argued that this claim could not be procedurally barred because it required the introduction of evidence outside the record, and thus could not have been raised on direct appeal. Finally, Boese asked the District Court to hold an evidentiary hearing pursuant to § 46-21-201(5), MCA, vacate the conviction, appoint new counsel, and schedule a new trial with a properly summoned jury.

¶15 The State filed a response, arguing that Boese's petition was both procedurally barred and time barred. In his reply, Boese again argued that attorneys at the Cascade County Public Defender's Office had colluded to deprive him of his right to a fair trial by failing to preserve the jury summoning issue. He also alleged that the Cascade County Attorney's Office had colluded with the Cascade County Public Defender's Office from the outset of his case. Finally, Boese pointed to various exhibits attached to his petition which allegedly showed that both his trial and appellate counsel knew of the jury summoning issue when they failed to raise it.

¶16 The District Court denied Boese's second petition for postconviction relief on the basis that it was time barred and procedurally barred. Thereafter, Boese filed notice of appeal to this Court.

## STANDARD OF REVIEW

¶17 We review a district court's conclusions of law in a denial of a petition for postconviction relief to determine whether the conclusions are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7.

**DISCUSSION**

¶18 Boese's primary contentions do not address the dispositive issue in this appeal. Boese argues that his right to an impartial jury was violated by the procedure used to summon the jury in his trial. In supporting this argument, Boese points to documents and affidavits not previously in the record and argues that this material establishes the existence of an improper jury summoning procedure. Further, Boese contends that this issue should be considered pursuant to the plain error doctrine, notwithstanding procedural bars, because his constitutional rights are at stake.

¶19 Boese also argues that his trial counsel rendered ineffective assistance by failing to object to the procedure used in summoning the jury in his trial. In support of this argument, Boese asserts that affidavits not previously in the record establish that his trial counsel was aware of the jury summoning issue and could have raised it at trial. Boese concludes that he would have been entitled to a new trial if his attorney had objected.

¶20 In his reply brief, Boese advances a variety of additional contentions. He argues that: (1) the District Court erred when it did not hold an evidentiary hearing regarding the alleged ineffective assistance of counsel; (2) his appellate attorney's motion to withdraw in the prior appeal constituted ineffective assistance and abandonment; (3) the State's arguments are an attempt to cover up a collusive effort between the State and Cascade County to conceal the illegal jury summoning procedure; (4) the principle of equal protection dictates that he is entitled to the same protections afforded to other defendants whose cases were reversed and remanded for new trial based on improper jury summoning procedure; (5) the errors alleged

8

are structural errors, and thus are properly considered on appeal; and (6) failure of this Court to address his arguments will result in a manifest miscarriage of justice.

¶21 The State contends that Boese's petition is precluded by the jurisdictional time bar of § 46-21-102(1), MCA. Further the State argues that the issues raised in Boese's petition are barred from consideration because they were not raised on direct appeal. Finally, the State argues that the issues raised in Boese's petition are barred because they were not raised in the initial petition and this is a successive petition. Because the jurisdictional time bar is dispositive in this appeal, we do not address the latter two arguments raised by the State, nor do we address any of the above arguments raised by Boese.

¶22 **1. Is Boese's second petition for postconviction relief precluded by the jurisdictional time bar of § 46-21-102(1), MCA?**

¶23 The remedy of postconviction relief, as established in § 46-21-101, MCA, allows a person adjudged guilty of an offense to petition the court that imposed the sentence to vacate, set aside, or correct the sentence. Section 46-21-102(1), MCA, requires that such petitions be filed within one year of the date that the conviction becomes final. A conviction becomes final when, if an appeal is taken to the Montana Supreme Court, the time for petitioning the United States Supreme Court for review expires. Section 46-21-102(1)(b), MCA. This time limitation is a jurisdictional limit on litigation, and failure to file within the allotted time defeats a court's jurisdiction to hear a postconviction claim. *Pena v. State*, 2004 MT 293, ¶ 35, 323 Mont. 347, ¶ 35, 100 P.3d 154, ¶ 35 (citing *Sanchez v. State*, 2004 MT 9, ¶ 9, 319 Mont. 226, ¶ 9, 86 P.3d 1, ¶ 9).

9

¶24 After Boese was sentenced by the District Court, he appealed to this Court on February 16, 1999. We dismissed the appeal on April 27, 2000. Thereafter, Boese's time to appeal to the United States Supreme Court expired. Under Rule 13 of the Rules of the Supreme Court of the United States, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort is timely when it is filed within ninety days after entry of the judgment. As Boese did not appeal to the United States Supreme Court, his conviction became final on July 26, 2000. Boese then had one year in which to file a petition for postconviction relief. Boese filed his first petition within this time period, on June 1, 2001. The District Court denied the petition and we later affirmed that decision on September 10, 2002, in *Boese v. State*, Cause No. 01-891. On March 30, 2004, Boese filed his second petition for postconviction relief. This petition, the subject of the instant appeal, was filed more than three years after Boese's conviction was final. Thus, we conclude that Boese's second petition for postconviction relief is precluded by the jurisdictional time bar of § 46-21-102(1), MCA.

¶25 Boese argues that his second petition for postconviction relief is not precluded by the jurisdictional time bar. In supporting this position, Boese advances several arguments that are not relevant to the jurisdictional time bar inquiry. First, Boese argues that the issues raised in both of his petitions for postconviction relief are "structural errors" that go to the heart of his claims that he was denied the right to effective assistance of counsel and the right to have the jury summoned properly. Second, Boese cites *State v. Gallagher*, 1998 MT 70, ¶ 15, 288 Mont. 180, ¶ 15, 955 P.2d 1371, ¶ 15, for the proposition that when a district court

10

is presented with allegations of ineffective assistance of counsel, it must inquire into the nature of the allegations. Third, Boese argues that because his fundamental constitutional rights are at stake we may properly invoke the plain error doctrine in order to review his claim. Finally, Boese argues he was denied the protections afforded to other criminal defendants in Cascade County who's convictions were reversed and remanded for new trials because of improper jury summoning. While these contentions could theoretically be raised in a timely filed petition for postconviction relief or an appeal, they do not address the issue of the applicability of the jurisdictional time bar and therefor have no bearing on our inquiry here. We conclude that Boese has not advanced any arguments that contradict our conclusion that his petition is precluded by the jurisdictional time bar.

¶26 **2. Do any exceptions to the jurisdictional time bar apply?**

¶27 Boese asserts that we should overlook the jurisdictional time bar because an "actual innocence inquiry does not concern itself with the merits of the constitutional violation claims raised by a defendant." Boese cites no authority for this proposition and offers no rationale as to why it would justify overlooking the time bar in this case. We do not address a question of "actual innocence" here, and however well grounded this proposition may be, it is not relevant in our determination of whether an exception to a the jurisdictional time bar applies in this case.

¶28 Boese also argues that we should find an exception to the jurisdictional time bar based on *In re Petition of Gray* (1995), 274 Mont. 1, 1, 908 P.2d 1352, 1352, wherein we stated "[t]he postconviction statute of limitation is a jurisdictional limit on litigation and its waiver

11

may only be justified by a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." Boese asserts that his conviction is in fact the result of a "clear miscarriage of justice" requiring a waiver of the time bar. However, the miscarriage of justice exception is a narrow one and does not apply unless the defendant alleges newly discovered evidence which establishes that the defendant did not commit the offense. *State v. Wells*, 2001 MT 55, ¶ 10, 304 Mont. 329, ¶ 10, 21 P.3d 610, ¶ 10. Boese has not pointed to any newly discovered evidence which establishes that he did not commit the offenses he was convicted of. As such, we hold that Boese has not established an exception to the jurisdictional time bar.

¶29 We conclude that Boese's second petition for postconviction relief is precluded by the jurisdictional time bar of § 46-21-102(1), MCA. Therefore, the District Court properly denied the petition.

¶30 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

12