No. 00-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 17

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DANIEL M. ALLEN,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John O. Putikka, Attorney at Law, Thompson Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Ilka Becker,

Assistant Attorney General, Helena, Montana

Robert Zimmerman, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs: September 21, 2000
Decided: February 15, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Daniel M. Allen appeals from a denial of a motion for a new trial in the Twentieth Judicial District Court, Sanders County. The sole issue on appeal is whether the District Court abused its discretion when it denied Allen's motion for a new trial. We affirm.

## BACKGROUND

¶2 Early in the evening on February 11, 1999, Daniel and Deborah Allen, brother and sister, were involved in an argument at Deborah's residence. At approximately 11:50 p.m. that evening, Allen returned to Deborah's residence to retrieve two guns which he had stored at the residence. Deborah testified at trial that shortly after her brother returned she heard gunshots fired. She then walked outside where she encountered her brother and inquired about the shooting. He responded that he was discharging his firearm. When she asked him again, he left without responding.

¶3 The next day Deborah discovered bullet holes in her vehicle, a 1979 Subaru, and contacted the Sanders County Sheriff's Office. Deputy Chad Cantrell arrived at Deborah's house, and Deborah provided a handwritten statement of the events. Deputy Cantrell took photos of Deborah's Subaru and retrieved a bullet found at the scene. Based on this information, Allen was subsequently charged by Information with felony criminal mischief. Trial commenced on August 23, 1999, during which Deborah and a local mechanic, Richard Weare, testified extensively about the damage to her vehicle.

¶4 After trial, defense counsel received further information regarding damage to Deborah's vehicle. On September 22, 1999, Allen moved for a new trial, supported by affidavit, based upon the newly discovered evidence; he claimed that certain repairs were never made to the vehicle and Deborah provided false testimony during the trial. The District Court conducted a hearing on October 26, 1999, and orally denied Allen's motion. From this denial Allen appeals.

## STANDARD OF REVIEW

¶5 A decision to grant or deny a motion for a new trial, including a motion based on newly discovered evidence, lies within the sound discretion of the district court . We will not disturb that decision unless an abuse of discretion is shown. *State v. Fina* (1995), 273 Mont. 171, 175, 902 P.2d 30, 33

## DISCUSSION

¶6 Did the District Court abuse its discretion when it denied Allen's motion for a new trial?

¶7 Allen argues that the newly discovered evidence would likely produce a different result at trial because the repair estimate of the vehicle was inflated, the repairs were not made by the person who did the estimate, the vehicle later sold for the same amount that the victim paid for it, and newly discovered evidence proved that the victim lied under oath. The State argues that much of the "newly discovered" evidence was actually presented at trial, and any actual newly discovered evidence presented by Allen would not likely produce a different result at a new trial. We agree.

¶8 A district court may grant a defendant a new trial if required in the interests of justice. Section 46-16-702, MCA. In *State v. Greeno* (1959), 135 Mont. 580, 586, 342 P.2d 1052, 1055, we stated that motions for a new trial based on newly discovered evidence must establish that such evidence is so material that it would probably produce a different result upon a different trial. Thus, the new evidence must be so highly probative of the defendant's innocence that its introduction probably would produce an acquittal. *Fina*, 273 Mont. at 178, 902 P.2d at 35.

¶9 Allen's allegations regarding the inflated repair estimates were fully raised at trial and therefore will not be addressed here. Allen also argues that the affidavit he secured from the current owner of the automobile established that certain repairs testified to at trial were not made to the vehicle.

¶10 Whether a victim of criminal mischief actually repairs the property that has been damaged is not determinative of the question of whether the crime was committed. Proof of repair is not an element of the offense of felony criminal mischief. The critical element to the offense of criminal mischief is the amount of "pecuniary loss" sustained by the owner of the property. *See* § 45-6-101(3); *see also State v. Palmer* (1983), 207 Mont. 152,

160-161, 673 P.2d 1234, 1239. A conviction for felony criminal mischief requires proof of a "pecuniary loss" greater than $500. Section 45-6-101, MCA (1997).

¶11 In the case at hand, the newly discovered evidence does not diminish the pecuniary loss that the victim incurred after Allen shot her car. A mechanic, Richard Weare, testified as to the repairs the auto might need and was cross-examined by Allen's counsel as to whether such repairs were necessitated by the gunfire. After eliminating several repair costs as possibly occurring due to normal wear and tear

, the mechanic estimated that there was still $576.57 of damages to Deborah's vehicle specifically caused by the gunshots. Whether Deborah subsequently performed the required repairs or what price she received when she sold her auto does not affect the pecuniary loss she suffered from the incident. *See Palmer*, 207 Mont. at 160-161, 673 P.2d at 1238, 1239. Thus, we conclude that any "newly discovered" evidence set forth in the affidavit of Kitty Meredith, the current owner of the vehicle, would not likely produce a different result upon retrial. *See Greeno*, 135 Mont. at 586, 342 P.2d at 1055.

¶12 Further, Allen contends that newly discovered evidence set forth in Meredith's affidavit indicates that Deborah's testimony on the stand was false. The State contends that much of the "newly discovered" evidence in the affidavit actually was presented at trial and is not inconsistent with Deborah's testimony. We agree.

¶13 Allen argues that the affidavit shows that Deborah had not "repaired" the vehicle in the same manner that she testified to at trial. He contends that she testified that she repaired the front fender with body putty, but actually she provided a more superficial repair. He also contends that the affidavit indicates that several other repairs to the automobile were not made, including a new paint job, replacement of a damaged strut, repairs to the antennae and replacement of tires.

¶14 Our review of the record indicates that the information contained in the affidavit alleging "newly discovered evidence" is not so inconsistent with Deborah's testimony at trial as to warrant a conclusion that the District Court abused its discretion in denying Allen a new trial because of alleged perjury by Deborah. Deborah testified that she made numerous repairs to her vehicle. She also testified that she did not make certain repairs to her vehicle because of financial limitations. Although the affidavit indicates certain discrepancies in Deborah's testimony - such as whether she replaced the antenna or purchased a new front strut - such discrepancies are not material and would not likely

result in a different result at another trial. *See Greeno*, 135 Mont. at 586, 342 P.2d at 1055. Thus, we conclude that the District Court did not abuse its discretion in denying Allen a new trial.

¶15 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER