No. 00-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 260

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SCOTT MICHAEL ABE,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Mineral,

Honorable Douglas G. Harkin, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Larry D. Mansch and Mark McLaverty, Mansch & McLaverty,

Missoula, Montana

For Respondents:

Honorable Mike McGrath, Attorney General; Carol E. Schmidt,

Assistant Attorney General, Helena, Montana

M. Shaun Donovan, County Attorney, Superior, Montana

Submitted on Briefs: May 31, 2001
Decided: December 13, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Scott Michael Abe appeals from the Fourth Judicial District Court's denial of his petition for postconviction relief. We affirm.

¶2 The factual background concerning this matter is fully set forth in this Court's decision in *State v. Abe,* 1998 MT 206, 290 Mont. 393, 965 P.2d 882, and will not be restated here. Procedurally, Abe and his father, Chris Leonard Hansen, were charged in Mineral County for the offense of deliberate homicide for the death of Nanette Hansen. The cases of Abe and Hansen were severed and both set for separate trials. The State filed an Amended Information in which it charged Abe with deliberate homicide and, alternatively, with deliberate homicide by accountability under §§ 45-5-102(1)(a) and 45-2-302, MCA.

¶3 On October 24, 1996, a jury found Abe not guilty of the offense of deliberate homicide and guilty of the offense of deliberate homicide by accountability. The District Court sentenced Abe to a term of sixty years in the Montana State Prison. Abe appealed the conviction, and this Court affirmed the conviction on August 25, 1998.

¶4 On December 7, 1999, Abe filed a petition for postconviction relief in which he argued that new evidence undermined the credibility of some of the State's key witnesses and that the resolution of the allegations of official misconduct by a principal investigative officer should be considered by a new judge. He also argued that the District Court abused its discretion and violated due process when it did not strike an unscheduled reply brief that the State had submitted. The District Court denied the petition on March 16, 2000. Abe then appealed that denial to this Court.

¶5 The State contends that this Court lacks jurisdiction to address this appeal because Abe did not file his petition for postconviction relief within the one-year time frame mandated

by § 46-21-102, MCA, and that he has not demonstrated that he falls within the miscarriage of justice exception to the statute of limitations.

¶6 The statute of limitations for postconviction relief is set forth in § 46-21-102(1), MCA, as follows:

> (1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:

> (a) the time for appeal to the Montana supreme court expires;

> (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or

> (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

¶7 In determining whether Abe filed his petition for postconviction relief within the applicable one-year period, the record reveals the following chronology: We issued our decision in Abe's appeal on August 25, 1998. Abe had ninety days, or until November 23, 1998, to file a writ of certiorari in the United States Supreme Court. *See* Rule 11 of the Rules of the Supreme Court of the United States. Abe thus had one year from November 23, 1998, or until November 23, 1999, to file a petition for postconviction relief. Abe did not file his petition until December 7, 1999-fourteen days beyond the deadline.

¶8 Abe argues that his petition for postconviction relief is based upon newly discovered evidence and thus it comes within the "discovery" exception to the one-year statutory bar. He relies on § 46-21-102(2), MCA, which states:

> A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶9 Abe contends that two jurors from his trial sat in on the trial against Chris Hansen; that

these two former jurors heard two of the State's witnesses testify differently in the Hansen trial than they did in Abe's trial. In his postconviction petition, Abe argues that the discrepancy in testimony between the two trials "undermines the credibility of several of the key witnesses against Mr. Abe."

¶10 We established the factors to be considered when a district court evaluates a motion for a new trial based upon newly discovered evidence in *State v. Sullivan* (1997), 285 Mont. 235, 241, 948 P.2d 215, 219, as follows:

> (1) The evidence must have come to the knowledge of the defendant since trial.

> (2) It was not through want of diligence that the evidence was not discovered earlier.

> (3) The evidence is so material that it would probably produce a different result upon another trial.

> (4) The evidence is not merely cumulative-that is, it does not speak as to facts in relation to which there was evidence at trial.

> (5) The motion for new trial must be supported by the affidavit of the witness whose evidence is alleged to have been newly discovered, or its absence accounted for.

> (6) The evidence must not be such as will only tend to impeach the character or credit of a witness.

¶11 All six of the above factors must be met. *See State v. Cline* (1996), 275 Mont. 46, 52, 909 P.2d 1171, 1175. In applying the *Sullivan* factors, the District Court found that, during the Hansen trial, Abe's counsel was contacted by the two jurors from Abe's trial and advised that certain witnesses in the Hansen trial offered different testimony from that given in the Abe trial. Shortly after the Hansen trial, Abe's counsel contacted the County Attorney concerning the alleged discrepancies in the testimony.

¶12 Based on this chronology, the District Court found that Abe's counsel knew about the alleged discrepancies after the Abe trial, but prior to the Abe appeal; therefore, the discrepancies in testimony could have been raised on direct appeal. The District Court further observed that the petition for postconviction relief alleges that the discrepancies "undermine the credibility . . . of the witnesses . . ." Thus, the District Court concluded, the

alleged discrepancies fail to satisfy the *Sullivan* criteria since the evidence only tends to impeach the credibility of the witnesses and has not been shown to be so material that it would probably produce a different result upon another trial. In other words, the evidence does not "establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted . . ." Section 46-21-102(2), MCA.

¶13 We agree with the District Court's conclusion and hold that the alleged new evidence does not serve to extend the statutory bar of § 46-21-102(1), MCA, beyond the one-year period.

¶14 Abe does correctly point out that the State did not raise the issue of the one-year statutory bar in the District Court nor did the District Court rule on that issue. As a general rule, we will not address issues raised for the first time on appeal. *State v. Baker* (1995), 272 Mont. 273, 280, 901 P.2d 54, 58 (citing Rule 2(a), M.R.App.P.). However, that rule does not pertain when the issue is jurisdictional.

¶15 The one-year statute of limitations for postconviction relief is a "jurisdictional limit on litigation and its waiver may only be justified by a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *Petition of Gray* (1995), 274 Mont. 1, 2, 908 P.2d 1352, 1352. The miscarriage of justice exception must be "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." *State v. Redcrow*, 1999 MT 95, ¶ 33, 294 Mont. 252, ¶ 33, 980 P.2d 622, ¶ 33. Abe does not seek to avail himself of the fundamental miscarriage of justice exception to the statutory bar so we need not discuss that exception.

¶16 Lack of subject matter jurisdiction can be raised at any time. Rule 12(h)(3), M.R.Civ. P.; *In re Marriage of Lance* (1984), 213 Mont. 182, 186, 690 P.2d 979, 981. We conclude that the petition for postconviction relief was filed beyond the one-year statutory period specified in § 46-21-102(1), MCA, and is thus procedurally barred.

¶17 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE