No. 03-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 362N

JOHN HENSON,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and For the County of Yellowstone, Cause No. DV 2003-029
                     Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                John Henson, Pro Se, Shelby, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
                Assistant Attorney General, Helena, Montana

                Dennis Paxinos, County Attorney, Billings, Montana

Submitted on Briefs:  October 23, 2003

Decided:  December 18, 2003

Filed:

_____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law. Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 John Henson (Henson) appeals the District Court's denial of his petition for postconviction relief. We affirm.

¶3 The correct standard of review of a district court's denial of a petition for post-conviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Porter v. State*, 2002 MT 319, ¶ 13, 313 Mont. 149, ¶ 13, 60 P.3d 951, ¶ 13.

¶4 On July 29, 1997, when Henson was sixteen years old, he was charged with Aggravated Assault and Aggravated Assault by Accountability in District Court. The charges stemmed from the severe beating of a physically and mentally handicapped man who was waiting at a Billings bus stop on July 15, 1997. On August 5, 1997, Henson turned seventeen years old. Henson pled guilty to the charge on September 19, 1997. He was then sentenced to fifteen years at Montana State Prison. However, because he was still only seventeen years old, he was committed to the Department of Corrections to be placed in Pine

2

Hill School for boys until he turned eighteen. The District Court entered its written judgment on July 6, 1998. Henson never appealed.

¶5 On January 8, 2003, Henson filed a petition for postconviction relief. Recognizing that his petition was untimely, Henson argued that the petition should be allowed because the procedural bar rule of § 46-21-105, MCA, does not apply when a District Court lacks subject matter jurisdiction to impose a particular sentence. Henson claimed that the District Court did not have subject matter jurisdiction because state law does not allow a sixteen-year-old juvenile to be charged with aggravated assault in district court. Henson's petition also claimed he was inappropriately sentenced to the State Prison when he should have been committed to the Department of Corrections. The District Court denied Henson's petition.

¶6 Henson's claim is time barred by § 46-21-102(1), MCA. That section provides, in relevant part:

> **When petition may be filed.** (1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
> (a) the time for appeal to the Montana supreme court expires.

¶7 Because Henson did not file an appeal, his conviction became final when the time for filing his appeal to the Montana Supreme Court expired. Rule 5(b), M.R.App.P., requires that appeals in criminal cases be filed within sixty days of judgment. Therefore, Henson's time for filing an appeal expired on September 4, 1998, sixty days after the judgment. Henson then had one year to file his petition for postconviction relief. The one-year period set by § 46-21-102(1), MCA, is a jurisdictional limit on litigation. *State v. Abe,* 2001 MT

260, ¶ 15, 307 Mont. 233, ¶ 15, 37 P.3d 77, ¶ 15.  Henson filed his petition beyond the one-year statutory period; he is therefore procedurally barred.

¶8      We recognize that Henson argues that the procedural time bar does not apply because jurisdiction cannot be waived and may therefore be argued at any time.  Henson claims the District Court did not have jurisdiction over the charge, nor did it have authority to impose his sentence.  However, § 41-5-206(1)(b)(iii), MCA (1997), clearly provides that a juvenile sixteen years of age or older may be tried as an adult for aggravated assault.  Furthermore, each of the crimes listed in § 41-5-206(1)(b), MCA, may be charged by accountability, including aggravated assault.  Section 41-5-206(1)(b)(x), MCA (1997).  Therefore, the District Court did have subject matter jurisdiction and the one-year time bar of § 46-21-102(1), MCA, applies.

¶9      Because the procedural time bar applies, we need not address Henson's other contentions.  The court's findings of fact were not clearly erroneous.  The court's conclusions of law were correct.  We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JAMES C. NELSON

4