JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Appellant Daniel B. Crosby (Crosby) appeals from the denial of his petition for postconviction relief following his conviction in 1996 for sexual intercourse without consent. Crosby premised his petition in part on the fact that the victim, Crosby’s daughter, recanted her testimony nine years later. We reverse and remand.
¶2 We rephrase and address the following issues on appeal:
¶3 1) Did the District Court apply the proper standard to evaluate whether the new testimony entitled Crosby to postconviction relief, when it concluded as a matter of law that the victim’s recanting testimony was false?
¶4 2) Did the District Court abuse its discretion when it denied Crosby’s motion to strike a portion of Dr. Stratford’s testimony?
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶5 A jury convicted Crosby of sexual intercourse without consent on January 20, 1996, following a five-day trial. The victim of the crime, Crosby’s then ten year-old daughter, Shawnetta Crosby (Shawnetta) testified against Crosby at the trial. The District Court sentenced Crosby to ten years at the Montana State Prison, with seven years suspended. Crosby filed a timely notice of appeal, but later asked this Court to dismiss his appeal pursuant to a plea agreement he had entered with the State on an unrelated charge.
¶6 Crosby filed a petition for postconviction relief on February 26, *462 2003, alleging that newly discovered evidence would demonstrate his actual innocence. Shawnetta’s sworn statement, in which she recanted her 1996 trial testimony, accompanied the petition. The District Court scheduled an evidentiary hearing to address Crosby’s petition for postconviction relief and entertained pre-hearing motions. Prior to the hearing, the court issued an order granting in part and denying in part Crosbys motions in limine. The District Court also announced that, in determining whether the recanting testimony entitled Crosby to a new trial, it would apply the standard established in State v. Perry (1988), 232 Mont. 455, 758 P.2d 268 (overruled by State v. Clark, 2005 MT 330, 330 Mont. 8, 125 P.3d 1099), and first conclude whether the recanting testimony was true. Then, only if the court deemed the recanting testimony true, it would apply the six-factor test in State v. Abe, 2001 MT 260, 307 Mont. 233, 37 P.3d 77, to analyze whether the new evidence entitled Crosby to a new trial.
¶7 The District Court held the evidentiary hearing on June 23,2004. Shawnetta, then age 21, testified that her mother had influenced her to accuse her father twelve years prior, and that the events she described when she testified at Crosby’s trial did not occur. Crosby and the State each presented expert witnesses to support their respective positions concerning, among other matters, the credibility of childhood testimony given under the type of stressful home conditions presented in this case.
¶8 The court issued its findings of fact, conclusions of law and order denying Crosby’s motion for postconviction relief on July 22, 2004. Crosby appealed. The State responded, and then filed a statement of supplemental authority on December 29,2005, following our decision in Clark.
STANDARD OF REVIEW
¶9 We review a district court's denial of a petition for postconviction relief to determine whether the district court’s findings of fact are clearly erroneous and whether its conclusions of law are correct. State v. Jenkins, 2001 MT 79, ¶ 9, 305 Mont. 95, ¶ 9, 23 P.3d 201, ¶ 9.
¶10 We review a district court’s evidentiary rulings for an abuse of discretion. State v. Grixti, 2005 MT 296, ¶ 14, 329 Mont. 330, ¶ 14, 124 P.3d 177, ¶ 14.
ISSUE ONE
¶11 Did the District Court apply the proper standard to evaluate whether the new testimony entitled Crosby to postconviction relief, *463 when it concluded as a matter of law that the victim’s recanting testimony was false?
¶12 In its order denying Crosby’s petition for postconviction relief, the District Court concluded as a matter of law that the recanting testimony given by Shawnetta was untrue. Crosby contends that the District Court improperly imposed the standard taken from Perry over the proper criteria established in Abe. Crosby states specifically that the criterion in Perry that requires the judge to determine “whether the recantation is true” is an improper application of the law, as Montana case law has evolved to replace this standard with a multifactored test as appears in Abe at ¶ 10 and State v. Cline (1996), 275 Mont. 46, 52, 909 P.2d 1171, 1175.
¶13 The State responds that Crosby’s petition is not properly before this Court because Crosby’s failure to file his postconviction petition within one year after his conviction deprived the District Court of jurisdiction. The State claims further that the plea agreement Crosby entered with the State in 1997 estops him from now appealing his conviction for sexual intercourse without consent. Lastly, the State argues that even if the District Court applied the Perry principles, it applied the proper standard nonetheless, and Crosby did not suffer prejudice. We address these arguments in turn.
¶14 The State asserts that the one year time limit for filing a petition for postconviction relief following a defendant’s conviction, found at § 46-21-102(1), MCA, barred Crosby from bringing his claim. The State’s brief references only a “clear miscarriage of justice” as the exception to the time limitations the statute establishes. The State reasons that since the District Court deemed the new evidence untrue, the “miscarriage of justice” exception does not apply.
¶15 This position wholly ignores, however, the exception to the one year time limitation to file petitions for postconviction relief found in § 46-21-102(2), MCA. Section 46-21-102(2), MCA, states that the exception applies when a claim simply “alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted....” (emphasis added). Thus, the plain language of the statute does not require that the newly discovered evidence be proven true before the court can hear the petition for postconviction relief. Further, as discussed below, the State’s position that the defendant must prove to the judge that the newly discovered evidence is true before the defendant is entitled to postconviction relief is incorrect, as it is premised upon an improper *464 standard for evaluating new evidence. We conclude that the present situation falls squarely within the exception to the one year limit for filing petitions for postconviction relief found at § 46-21-102(2), MCA, and, consequently, Crosby is not statutorily barred from bringing his petition.
¶16 The State claims next that if this Court entertains the present appeal, it will “be assisting Crosby in escaping the obligations of his plea agreement after he has already received its benefits” in contravention of our prior case law. The State presented the identical argument to the District Court and the court did not address it. Our review of the 1997 plea agreement demonstrates that Crosby already completed his obligations under that agreement, and that the agreement did not implicate Crosby’s right to file a petition for postconviction relief. We therefore conclude that the State’s argument that the plea agreement entered in 1997 bars Crosby’s present appeal lacks merit.
¶17 Finally, the State argues that the District Court applied the proper test to determine if the new evidence entitled Crosby to postconviction relief or, alternatively, that the conclusion at which the District Court arrived did not prejudice Crosby regardless of the test applied. The District Court’s conclusion of law stated that “[t]he district court is required to grant a new trial only when the trial judge is satisfied the recantation is true.” According to the order, Crosby “failed to demonstrate that the recant[ing] testimony of Shawnetta Crosby [wa]s true.”
¶18 In Perry, 232 Mont. at 466, 758 P.2d at 275, we adopted the Kansas Supreme Court’s standard for recanting testimony, and stated that the “trial judge is required to grant a new trial only when he [or she] is satisfied the recantation of the witness is true.” However, cases decided subsequent to Perry applied a different standard to evaluate new testimony, leading to inconsistencies in our jurisprudence. For example, in 2001 we stated that “motions for a new trial based on newly discovered evidence must establish that such evidence is so material that it would probably produce a different result upon a different trial.” State v. Allen, 2001 MT 17, ¶ 8, 304 Mont. 129, ¶ 8, 18 P.3d 1006, ¶ 8. Later that same year, however, we applied a multifactored test, and required that all six factors be met before new evidence entitled a defendant to a new trial. Abe, ¶ 10. Ultimately, we recognized and resolved these discrepancies in Clark, where we explicitly overruled the statement in Perry that a “trial judge is required to grant a new trial only when he is satisfied the recantation *465 of the witness is true.” Clark, ¶ 32. We reasoned that the standard in Perry had “inappropriately place[d] the judge in the role of fact-finder, inevitably, in some cases, in the key matter of the guilt or innocence of the accused.” Clark, ¶ 32.
¶19 We set forth the following test in Clark:
To prevail on a motion for a new trial grounded on newly discovered evidence, the defendant must satisfy a five-part test:
(1) The evidence must have been discovered since the defendant's trial;
(2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;
(3) the evidence must be material to the issues at trial;
(4) the evidence must be neither cumulative nor merely impeaching; and
(5) the evidence must indicate that a new trial has a reasonable probability of resulting in a different outcome.
Clark, ¶ 34 (footnotes omitted).
¶20 We acknowledge that in Clark, we addressed a motion for a new trial, while the present case involves Crosby’s petition for postconviction relief. Nonetheless, we deem it appropriate to apply the same “newly discovered evidence” test in both situations. See Abe at ¶¶ 1, 10 (applying the factors to be considered when a district court evaluates a motion for a new trial based upon newly discovered evidence, to a motion for postconviction relief).
¶21 In light of the test we established in Clark, we conclude that the District Court erred when it said the court should grant a new trial only “when the trial judge is satisfied the recantation is true,” and in concluding that the recanting testimony of Shawnetta was untrue. In doing so, the court improperly placed itself in the role of fact-finder in contravention of our holding in Clark. Instead, the court should consider all five of the Clark factors, including, importantly, whether a new trial would have the reasonable probability of resulting in a different outcome. Under this test, the court does not pass on the ultimate truthfulness of the recanting testimony; rather, provided the five Clark factors are satisfied, the court leaves this determination to the fact-finder on retrial.
¶22 Justice Warner’s dissent states that the District Court “did consider the essential Clark factors in making its decision whether a new trial was necessary.” (Dissent, ¶ 1). A review of the court’s order, however, demonstrates that the court did not use the Clark factors *466 and, in fact, engaged in the very analysis Clark forbids. The court’s order states:
The Court concludes that the recanted testimony of Shawnetta is untrue. From the foregoing findings of fact and conclusions of law, the Court makes the following order:
ORDER
The Petitioner, Daniel B. Crosby, having failed to demonstrate that the recanted testimony of Shawnetta Crosby is true,
IT IS HEREBY ORDERED that Daniel B. Crosby’s petition for post-conviction relief is DENIED.
The District Court thus violated Clark when it first determined the ultimate veracity of the recanting testimony, and then used that determination as the sole basis to deny postconviction relief.
¶23 The Dissent does however bring to light some subtle yet important distinctions underlying the Clark test-namely, the difference between the district court properly assessing the “weight and credibility” of the recanting testimony, which Clark commands, versus the district court determining the ultimate “veracity” of the recanting testimony, which Clark prohibits. A district court’s assessment of “weight and credibility maybe made absent an ultimate determination of whether the recanting witness is telling the truth or not, while a district court’s determination as to the witnesses’ “veracity is just that-a definitive determination that the recanting testimony is either the truth or a lie. More importantly, the “weight and credibility of the recanting witness is not the dispositive factor in assessing whether the new evidence entitles the defendant to a new trial, as was the test in Perry. As the Dissent recognizes, the decision of what effect the recantation of the victim will have may be of “primary importance in making the determination whether the new trial would probably result in acquittal.” Although ofprimary importance, the effect of the recanting testimony is not dispositive.
¶24 Under proper application of the Clark test, a possible scenario might be one in which the district judge finds the recanting witness highly credible, but nonetheless denies a new trial under the Clark test in light of the strength of the testimony of five other prosecution witnesses presented at the original trial. Alternatively, a judge might find a witness not particularly credible, but nonetheless grant a new trial under Clark because there is a reasonable probability-given the paucity of other evidence adduced at the first trial-that a jury on retrial would acquit the defendant when presented with the new evidence. In sum, the distinctions set forth in Clark, and reaffirmed *467 here, are both appropriate and crucial to ensuring that the reviewing judge does not intrude on the jury’s province as fact finder. See Clark, ¶ 32.
¶25 The court’s improper application of the law clearly prejudiced Crosby since the court denied Crosby’s petition for postconviction relief on the sole basis that it deemed Shawnetta’s recanting testimony untrue. We therefore reverse and remand for the District Court to apply the standards espoused in Clark in determining whether Crosby is entitled to postconviction relief and a new trial.
ISSUE TWO
¶26 Did the District Court abuse its discretion when it denied Crosby’s motion to strike a portion of Dr. Stratford’s testimony?
¶27 Crosby filed a motion in limine, asking the District Court to preclude the State’s expert witness, Dr. Stratford, from testifying. Crosby argued that the subject matter was not appropriate for an expert opinion and that allowing expert testimony regarding another witness’s credibility violated Montana case law. The court’s order permitted Dr. Stratford to testify, but granted Crosby’s motion to “preclude expert testimony from Dr. Stratford regarding the credibility of this particular victim.” Crosby asserts that the District Court violated the latter portion of its own order when it permitted Dr. Stratford to testify about Shawnetta’s credibility. Crosby further asserts that the District Court compounded its error when it denied his motion to strike Dr. Stratford’s testimony.
¶28 During Dr. Stratford’s testimony, counsel for the State inquired as follows: “we can’t comment specifically about whether her testimony here in court was true or not. But based on all of the materials that you looked at, do you have an opinion about whether it’s more likely than not her testimony at the trial was accurate as opposed to the recantation?” In response, Dr. Stratford opined that Shawnetta’s testimony “at trial was more accurate than subsequent.” Clearly, this testimony violated the letter of the court’s correct order in limine which precluded Dr. Stratford from testifying to Shawnetta’s credibility. At such time as the court on remand re-examines the existing record, we direct the court to disregard this facet of Dr. Stratford’s testimony.
¶29 Reversed and remanded for application of the Clark test to determine whether Crosby is entitled to postconviction relief.
CHIEF JUSTICE GRAY, JUSTICES LEAPHART, NELSON and MORRIS concur.