
DA 13-0117

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 304N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SONNY L. CARSTEN,

Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DC 02-20
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Fred Snodgrass, Snodgrass, Copenhaver & Yasenak, PLLC; Billings,
Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General; Helena, Montana

John Petak III, Stillwater County Attorney, Nancy Rohde, Deputy County
Attorney; Columbus, Montana

Submitted on Briefs: October 2, 2013
Decided: October 15, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Sonny L. Carsten (Carsten) appeals the order of the Twenty-Second Judicial District Court, Stillwater County, that denied his motion to dismiss his criminal case. We affirm.

¶3 The State of Montana (State) charged Carsten on April 15, 2002, in Justice Court in Stillwater County with three sex-related charges. Carsten was 20 years old at the time that he was charged. The State filed a motion on July 30, 2002, for leave to file an information in District Court that charged Carsten with three counts of felony rape. The District Court granted leave to file the information on August 8, 2002. Carsten was 21 years old at the time. Carsten entered a not guilty plea at his initial appearance in District Court on August 12, 2002.

¶4 The State and Carsten entered into a non-binding written plea agreement on September 4, 2002, whereby Carsten admitted that he "had sexual intercourse w/L.L. on or about Oct. 18, 1997. She was under the age of 16; and I was 3 or more years older then [sic] her." The State agreed to dismiss two of the counts in exchange for Carsten's guilty plea. The State further agreed to recommend a three-year deferred imposition of sentence. Carsten acknowledged that he was waiving his rights to a jury trial, to confront the witnesses against

2

him, to subpoena witnesses on his behalf, his right to an appeal, and his privilege against self-incrimination.

¶5     Carsten appeared before the District Court for a change of plea hearing on September 10, 2002. Carsten admitted that he knowingly had engaged in sexual intercourse with L.L. during the summer of 1999 when she was 14 years old and he was more than 3 years older than she. The District Court rejected the State's recommendation for sentence and instead committed Carsten to ten years to the Department of Corrections, with five years suspended.

¶6     Carsten did not appeal his conviction or sentence. He did not file a petition for postconviction relief or a motion to withdraw his guilty plea. The Department of Corrections in 2006 granted Carsten credit for pre-trial time served of 51 days. Carsten was discharged from the Department of Corrections custody on November 16, 2007. Carsten discharged his probationary period on November 16, 2012.

¶7     Carsten filed a motion to dismiss his case about nine days before the expiration of his sentence. Carsten contended that the District Court had violated his constitutional right to due process when it had "denied his statutory right to a transfer hearing under the Youth Court Act and the sentence imposed exceeded his twenty-fifth birthday." Carsten requested that the District Court set aside or expunge his "illegal conviction," dismiss his case with prejudice, seal the criminal file, and relieve him of the requirement to register as a sexual offender. The District Court denied Carsten's motion on the basis that Carsten never had been entitled to a transfer hearing due to the fact that he had been over the age of 21 when

3

the State had filed information in District Court and the only charge to which he had been convicted involved an adult offense that could not support a transfer to youth court. Carsten appeals.

¶8   We review de novo a district court's denial of a motion to dismiss in a criminal proceeding. *State v. Burns*, 2011 MT 167, ¶ 17, 361 Mont. 191, 256 P.3d 944. The State argues, however, that Carsten has filed what amounts to a petition for postconviction relief that we review, pursuant to *Crosby v. State*, 2006 MT 155, ¶ 9, 332 Mont. 460, 139 P.3d 832, under a clearly erroneous standard for the District Court's findings of fact and for correctness for the Court's conclusions of law. Neither party seems to dispute the factual background of the case, thus we review de novo the District Court's legal conclusions. *Crosby*, ¶ 9.

¶9   Carsten argues on appeal that he was under 21 years of age at the time the State first charged him and that at least one of the counts in the information involved conduct that he allegedly had committed while under the age of 18. Carsten claims that this fact entitled him to a transfer hearing under the Youth Court Act. He further contends the District Court lacked jurisdiction to impose this sentence on him as an adult without first conducting a transfer hearing.

¶10   We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of briefs and the record before us that the District Court correctly applied the law to the largely undisputed facts in this case.

¶11   Affirmed.

4

/S/ BRIAN MORRIS

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ LAURIE MCKINNON