DA 13-0343

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 372N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

DANNY SARTAIN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                     In and For the County of Gallatin, Cause No. DC 08-86B
                     Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Danny Sartain, self-represented; Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
                Assistant Attorney General; Helena, Montana

                Marty Lambert, Gallatin County Attorney; Bozeman, Montana

                          Submitted on Briefs:  November 13, 2013
                                   Decided:  December 10, 2013

Filed:

                             _____
                                         Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Danny Sartain (Sartain) was found guilty of burglary, designated a persistent felony offender, and sentenced to forty years in the Montana State Prison. He appealed his conviction to this Court. We affirmed. *State v. Sartain* (*Sartain I*), 2010 MT 213, 357 Mont. 483, 241 P.3d 1032. The U.S. Supreme Court denied Sartain's petition for a writ of certiorari. *Sartain v. Montana*, 131 S. Ct. 1514 (February 22, 2011). Sartain then filed a petition for postconviction relief, raising primarily ineffective assistance of counsel (IAC) claims. The District Court dismissed Sartain's petition with prejudice and we affirmed. *Sartain v. State* (*Sartain II*), 2012 MT 164, 365 Mont. 483, 285 P.3d 407. On March 29, 2013, Sartain filed a Petition for Performance of Fingerprint Analysis and Testing. The District Court denied Sartain's petition with prejudice. Sartain appealed. We affirm.

¶3	The question of whether Sartain's due process rights were violated is a question of law. *See State v. Strand*, 286 Mont. 122, 124, 951 P.2d 552, 553 (1997) (overruled in part on other grounds by *State v. Minkoff*, 2002 MT 29, ¶ 23, 308 Mont. 248, 42 P.3d 223). We review a district court's findings of fact to determine if they are clearly erroneous and its conclusions of law to determine if they are correct. *Sartain II*, ¶ 9. This Court will affirm a district court decision when it reaches the right result, even though the court's reasoning is not entirely correct. *State v. Shepard*, 2010 MT 20, ¶ 9, 355 Mont. 114, 225 P.3d 1217.

2

¶4      The District Court's order provided that "[r]ecord based issues, such as insufficiency of the evidence presented by the State, should have been included in Defendant's direct appeal[.]"  The court concluded that the fingerprint claims should have been raised in Sartain's direct appeal.  The court reasoned that Sartain's extensive knowledge of all aspects of the case belied his "self-serving" contention that he had recently discovered the need for fingerprint analysis.  Moreover, because Sartain did not raise the need for fingerprint testing in his Petition or Amended Petition for postconviction relief, he was barred from raising the claim.  The District Court explained, even if it were to consider whether Sartain's fingerprint testing claim might constitute "newly-discovered" evidence, the claim would fail the five part test set forth in *Crosby v. State*, 2006 MT 155, ¶ 19, 332 Mont. 460, 139 P.3d 832.  Finally, the District Court held that no "fundamental miscarriage of justice" occurred.

¶5      In his appellate brief, Sartain contends that the District Court erred in refusing his petition and that the error resulted in violation of Sartain's right to due process.  Sartain alleges that if the fingerprints collected at the scene did not match his fingerprints, no reasonable juror could have found him guilty beyond a reasonable doubt.  He argues that his trial counsel erroneously told him that no prints from the scene of the crime had been developed.  By wrongly informing him that no fingerprint evidence existed, Sartain alleges, his trial counsel fell below a reasonable standard of performance, violating his Sixth Amendment right to effective assistance of counsel.  Sartain argues that because the jury was not able to see the allegedly exculpatory fingerprint evidence, his Fourteenth Amendment right to due process was violated.  He also argues for the first time on appeal that, by not turning over the allegedly exculpatory fingerprint evidence to Sartain, the prosecution

3

violated his rights under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). Sartain contends we should consider his untimely petition because the failure to analyze these fingerprints would result in a fundamental miscarriage of justice. In addition, Sartain alleges that by adopting verbatim the State's proposed findings, the District Court cast the credibility of those findings in doubt and violated his right to due process.

¶6 The Fourteenth Amendment of the United States Constitution protects individuals from State action that would deprive them of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Montana's Constitution also provides for a right of due process. Mont. Const. art. II, § 17. A person accused of a criminal offense has a due process right to obtain existing exculpatory evidence. *Minkoff*, ¶ 9.

¶7 Montana law contains procedural provisions that define a criminal defendant's right to due process. Section 46-20-104, MCA, provides that a defendant may only appeal from a final judgment of conviction and from orders after judgment that affect the defendant's substantial rights. Where a defendant who contests his or her conviction has no adequate remedy of direct appeal, the defendant may still petition for postconviction relief, pursuant to § 46-21-101, MCA. Direct appeals and petitions for postconviction relief are subject to certain time limitations.

¶8 Here, the District Court correctly held that the need for fingerprint testing and analysis should have been raised on direct appeal. If, for some reason, it could not be raised on direct appeal, it should have been raised either in the petition for postconviction relief or in the amended petition for postconviction relief. Likewise, Sartain's claim as to his counsel's assistance should have been raised in a petition for postconviction relief. Sartain's *Brady*

4

claim is barred because he raised it for the first time in his appellate brief. *See State v. Ferguson*, 2005 MT 343, ¶ 38, 330 Mont. 103, 126 P.3d 463 (this Court will not consider new legal theories raised for the first time on appeal).

¶9      Section 46-21-102(2), MCA, provides an exception to the time limitations governing direct appeal and postconviction relief where newly discovered evidence could exonerate a petitioner:

> A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

If a fundamental miscarriage of justice has occurred—that is, the new evidence shows it is more likely than not that no reasonable jury would have voted to find a defendant guilty beyond a reasonable doubt—a court may address an otherwise procedurally-barred petition for postconviction relief. *State v. Beach*, 2013 MT 130, ¶¶ 95, 122-24, 370 Mont. 163, 302 P.3d 47 (McKinnon, Baker, Rice, JJ. & Simonton, J., concurring).

¶10     The District Court correctly concluded that Sartain cannot meet the fundamental miscarriage of justice exception to the time limitations. There is no basis for asserting that a reasonable jury would not have convicted Sartain with the additional fingerprint analysis evidence working in his favor when defendants are often convicted without any fingerprint evidence. The State presented a tremendous amount of evidence linking Sartain to the crime. As the District Court pointed out:

5

> Defendant broke into a house in the middle of the day and was caught within minutes near the scene of the crime. This case is not one in which Defendant has any legitimate claim that he is "actually innocent."

The District Court correctly concluded that no fundamental miscarriage of justice has occurred here.

¶11 As a final note, the State's brief correctly observes that while we have discouraged district courts from adopting verbatim the findings of the prevailing party, such adoption does not constitute error per se. The District Court did not err.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are controlled by the statutes and precedent, which the District Court correctly interpreted and applied.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE