DA 13-0508

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 60N

KEVIN MARK TAYLOR,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV-10-0011
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Kevin Mark Taylor, self-represented; Deer Lodge, Montana

      For Appellee:

         Timothy C. Fox, Montana Attorney General; Pamela P. Collins,
Assistant Attorney General; Helena, Montana

         John Parker, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs:  February 12, 2014
Decided:  March 4, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kevin Mark Taylor (Taylor) appeals from an order of the Eighth Judicial District Court, Cascade County, denying his petition for postconviction relief. We affirm.

¶3 A restatement of the dispositive issue on appeal is:

¶4 *Did the District Court err in denying Taylor's petition for postconviction relief?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 In May 2009, Taylor pleaded guilty to nonsupport, a felony, in violation of § 45-5-621, MCA. The District Court sentenced Taylor to two years with the Department of Corrections to run concurrently with any other sentence he was serving. Taylor filed a petition for postconviction relief on January 6, 2010, alleging that he was entitled to relief upon the following claims: prosecutorial misconduct, vindictive prosecution, and ineffective assistance of counsel. The District Court issued an order denying Taylor's petition for postconviction relief on July 16, 2013. The District Court dismissed Taylor's claims because "[t]he record indicated that the Petitioner voluntarily, knowingly, and intelligently waived his rights and pled guilty pursuant to a plea agreement," thereby "waiv[ing] any claims that arose prior to entry of his or her plea, including factual issues,

2

defenses, or constitutional claims." The court further concluded that each claim failed on its merits.

¶6 Taylor timely appealed. Taylor argues that his ineffective assistance of counsel claim was not barred because the waiver of his rights was unknowing and involuntary. Taylor contends that: (1) the State should have exhausted the administrative remedies outlined in § 40-5-162(2)(a)-(k), MCA, before charging him; (2) the County Attorney was not authorized to unilaterally enforce the support order without a specific petition; (3) and the State had no jurisdiction to charge him because the felony occurred in Wyoming.

¶7 The State counters that Taylor waived his claims when he voluntarily entered a plea of guilty, and that, further, he should have raised these claims on direct appeal instead of in a petition for postconviction relief. The State argues that if we reach the merits of his claims we should affirm the District Court because Taylor fails to establish that his counsel's performance was deficient. The State points out that Taylor raises the jurisdictional argument for the first time on appeal, and that the Wyoming support order is entitled to full faith and credit in Montana.

## STANDARD OF REVIEW

¶8 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Crosby v. State*, 2006 MT 155, ¶ 9, 332 Mont. 460, 139 P.3d 832 (citation omitted).

**DISCUSSION**

¶9 *Did the District Court err in denying Taylor's petition for postconviction relief?*

¶10 "A petitioner in post-conviction relief proceedings has the burden to show by a preponderance of evidence that the facts justify relief." *State v. Godfrey*, 2009 MT 60, ¶ 13, 349 Mont. 335, 203 P.3d 834 (internal quotation marks omitted; citation omitted). The petitioner must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." *Godfrey*, ¶ 13 (citations omitted). "Mere conclusory allegations are not enough to support the petition." *Godfrey*, ¶ 13 (citations omitted).

¶11 A person who has pleaded guilty to an offense generally may challenge only the knowing and voluntary nature of the plea, but he or she may pursue ineffective assistance of counsel claims. *Herman v. State*, 2006 MT 7, ¶¶ 20-21, 330 Mont. 267, 127 P.3d 422. We review claims of ineffective assistance of counsel using the two-prong test defined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Godfrey*, ¶ 14. The petitioner must show that "counsel's performance fell short of the range of competence required of attorneys in criminal cases and that his counsel's deficient performance was prejudicial to his case." *Godfrey*, ¶ 14 (citation omitted).

¶12 As an initial matter, Taylor raises his claim that the State did not have jurisdiction to charge him on appeal. Failure to raise an issue before the district court bars the defendant from raising the issue on appeal. Section 46-20-104(2), MCA. This claim is therefore waived.

4

¶13 Taylor's claims for prosecutorial misconduct and vindictive prosecution also are waived. "It is well settled that a plea of guilty which is voluntary and understandingly made . . . constitutes a waiver of nonjurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea." *State v. Spotted Blanket*, 1998 MT 59, ¶ 15, 288 Mont. 126, 955 P.2d 1347. Taylor's assertion that he "clearly . . . entered into the plea involuntarily" is not supported by the record, and the District Court's determination that "[t]he record indicated that the Petitioner voluntarily, knowingly, and intelligently waived his rights and pled guilty pursuant to a plea agreement" was not clearly erroneous. Thus, Taylor waived his right to challenge the conduct of the prosecution. *See Herman*, ¶ 21 ("By pleading guilty, Herman waived his right to challenge matters . . . which occurred prior to the guilty plea and are unrelated to the knowing or voluntary nature of his plea or his ineffective assistance of counsel claims.").

¶14 We next turn to Taylor's claim of ineffective assistance of counsel. The State argues that Taylor's claim is record-based and could only be raised in a direct appeal. However, we note that Taylor waived his right to appeal any finding of guilt in his acknowledgment of waiver of rights by plea of guilty. Direct appeal was therefore not an option for Taylor, and it is appropriate for this Court to address the merits of his claim for ineffective assistance of counsel. In his petition for postconviction relief, Taylor essentially alleges his counsel was ineffective for failing to review the civil child support enforcement statutes, failing to request a lesser offense, and failing to move for dismissal.

5

As the District Court concluded, the civil child support enforcement statutes do not apply because Taylor was charged criminally pursuant to § 45-5-621, MCA. It follows that Taylor's counsel was not in error for failing to consider these statutes or for failing to request a lesser offense or dismissal pursuant to the civil statutes. Taylor has failed to meet the *Strickland* requirements for a claim for ineffective assistance of counsel, and we conclude that the District Court did not err in finding that Taylor "has not proved by a preponderance of the evidence that he is entitled to relief."

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions.

¶16 For the foregoing reasons, we affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE